OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Stephen J. Caudill, II appeals from his convictions and sentence in the Ashland County Court of Common Pleas on two counts of felonious assault and one count of tampering with evidence. Plaintiff-appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} Appellant was indicted on two counts of felonious assault and one count of tampering with evidence. On March 13, 2003, a jury returned a verdict of guilty on both counts of felonious assault, in violation of R.C. 2903.11(A), and one count of tampering with evidence, in violation of R.C. 2921.12(A)(1). The trial court ordered that a pre-sentence investigation report be prepared. On May 23, 2003, the trial court held a sentencing hearing. At that hearing, the trial court merged the two counts of felonious assault for sentencing purposes and proceeded to sentence appellant to seven years of imprisonment for the felonious assault conviction and four years of imprisonment for the tampering with evidence conviction. The trial court ordered that the sentences be served consecutively, for a total sentence of 11 years. In addition, the trial court ordered appellant to pay restitution of $48,000.00.
 {¶ 3} It is from this conviction and sentence that appellant appeals, raising the following assignments of error:
 {¶ 4} "I. The imposition of consecutive sentences is against the manifest weight of the evidence and contrary to the law.
 {¶ 5} "II. The trial court erred by ordering restitution without considering the offenders' ability to pay as required by R.C. 2929.19(B)(6)."
 {¶ 6} In the first assignment of error, appellant argues that the imposition of consecutive sentences was against the manifest weight of the evidence and contrary to law. Specifically, appellant contends that at the sentencing hearing, the trial court failed to make a required finding that consecutive sentences "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." See R.C. 2929.14(E)(4).
 {¶ 7} The State concedes that the trial court failed to make the requisite finding. The State requests that this matter be remanded to the trial court for resentencing.
 {¶ 8} Accordingly, we sustain appellant's first assignment of error. The sentence is reversed and the matter is remanded to the trial court for resentencing.
 II {¶ 9} In the second assignment of error, appellant contends that the trial court erred when it ordered appellant to pay restitution without considering appellant's ability to pay, pursuant to R.C. 2929.19(B)(6). Appellant submits that the only indication that the trial court considered appellant's ability to pay the restitution is a statement by the trial court that "he has no assets" and appellant had previously been found indigent for purposes of representation.
 {¶ 10} The first question raised by appellant's second assignment of error is whether the restitution order is a final, appealable order. Previously, this court, sitting with a different panel, held that "the imposition of a restitution order is not a final appealable order until a hearing is held to enforce payment." State v. Schnuck, (Sept. 25, 2000), Tuscarawas App. No. 2000AP020016, 2000 WL 1459817; See, also,State v. Berry, (Jan. 15, 2003), Coshocton App. No. 01-CA-26, 2003 WL 124855. We disagree with the prior decisions of this court. See State v. Danison (Nov. 5, 2003), Ashland App. No. 03 COA 021, 2003 WL 22510415 (Judge Edwards, dissent) and State v.Schnuck, supra. (Judge Hoffman, dissent). We find that the order to pay restitution is a final appealable order.
 {¶ 11} However, despite having found this order to be final and appealable, appellant does not prevail. A hearing on a defendant's ability to pay is not mandatory. See 2929.18(A)(1) and (E); 2929.19(B)(6); and State v. Berry, supra. A trial court is only required to consider appellant's present and future ability to pay prior to ordering restitution. Further, as inSchnuck, supra, and Berry, supra, appellant did not request a hearing on his ability to pay.
 {¶ 12} A review of the record demonstrates that the trial court considered appellants ability to pay restitution. The trial court indicated that it had reviewed the pre-sentence investigation report. The trial court noted that the report showed that appellant is a high school graduate with an associate's degree in specialized technology. The trial court further commented that appellant had a poor work history, having had seven jobs in four years. The trial court further stated that appellant had no financial assets and that appellant had previously been found indigent for purposes of representation. Transcript of Proceedings, pg. 691.
 {¶ 13} The trial court's comments indicate that the trial court did consider appellant's present and future ability to pay restitution. Accordingly, we find the trial court complied with R.C. 2929.19(B)(6).
 {¶ 14} Appellant's second assignment of error is overruled.
 {¶ 15} The judgment of the Ashland County Court of Common pleas is affirmed, in part, and reversed, in part, and matter the is remanded for resentencing.
Edwards, J., Hoffman P.J. and Farmer, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed, in part, and reversed, in part, and remanded for resentencing. Costs to be paid 50% by appellant and 50% by appellee.