DECISION AND JUDGMENT
{¶ 1} Appellant Rose Mary McIntosh appeals an April 25, 2007 judgment of the Erie County Court of Common Pleas convicting her, pursuant to a guilty plea, of one count of misuse of a credit card, a violation of R.C. 2913.21(B)(2), and one count of intimidation, a violation of R.C. 2921.04(B). Both counts are third degree felonies. The judgment imposed a sentence of three years imprisonment on each count, to be served *Page 2 
consecutively, for a total prison term of six years. The judgment also provided that the imprisonment would run consecutively to appellant's imprisonment in the state of Michigan on other charges.
 {¶ 2} The misuse of a credit card and intimidation charges were two counts of a nine count indictment against McIntosh. The other counts included four counts of telecommunications fraud (violations of R.C. 2913.05(A) and fourth degree felonies), one count of theft (a violation of R.C. 2913.02(A)(1) and a third degree felony), one count of possession of criminal tools (a violation of R.C. 2923.24(A) and a fifth degree felony), and one count of identity fraud (a violation of R.C. 2913.49(B)(2) and a fourth degree felony). These other counts were dismissed under a plea agreement.
 {¶ 3} The criminal charges arose out the reported defrauding of Claudio Gonzalez of Bellevue, Ohio by a group of individuals. The indictment for misuse of a credit card identified Gonzalez as an elderly person and also specified that use of the credit card involved transactions totaling an amount over $5,000. Appellant has admitted to unauthorized use of Gonzalez's credit card. After pleading guilty to the offense, as charged in the indictment, however, appellant claimed that the total charges were less than $5,000. The distinction is significant as a lesser total would make the offense a fourth degree, rather than, third degree felony. R.C. 2913.21 (B)(2) and (D)(4).
 {¶ 4} During the course of the criminal investigation, police learned that one of the alleged participants to the scheme against Gonzalez, Patricia Stowers, claimed that *Page 3 
she was threatened by appellant for cooperating with police in their investigation. After pleading guilty to intimidation, appellant also denied threatening Stowers.
 {¶ 5} Appellant accepted the plea agreement and pled guilty to the two counts at a hearing on February 5, 2007. The record includes a "Judgment Entry of Plea" setting forth the terms of the plea agreement and signed by appellant on the date of the plea hearing. The trial court conducted a Crim. R. 11 hearing and colloquy before accepting the guilty plea.
 {¶ 6} Subsequently, on February 25, 2007, while still represented by appointed counsel and before sentencing, appellant wrote a letter directly to the trial court requesting leave to withdraw her guilty plea. Counsel filed a formal motion to withdraw the guilty plea on March 21, 2007.
 {¶ 7} The trial court considered the motion at a hearing on April 19, 2007. At the hearing, appellant asserted that the evidence did not support a claim that she was responsible for $5,000 or more in charges against the credit card. She also denied threatening Stowers. Appellant argued that she held statements from Stower's family and friends indicating that Stowers admitted to them that appellant had not threatened her.
 {¶ 8} At the hearing, the trial court discussed with appellant the nature of the charges against her and the risks of trial. The trial court explained that the case involved a nine count felony indictment with a maximum risk of imprisonment for 33 years were appellant convicted on all counts. The court also explained that the plea agreement provided for dismissal of seven of the nine felony counts and that the two remaining *Page 4 
counts carried a total maximum sentence of ten years. The trial court also explained that her sentence was uncertain — appellant could receive a sentence anywhere from probation to ten years under the plea agreement.
 {¶ 9} After consulting with counsel, appellant orally agreed to proceed under the plea agreement. Appellant withdrew her motion seeking leave to withdraw her guilty plea. In a judgment entry filed on April 20, 2007, the trial found that appellant "knowingly, intelligently, and voluntarily" withdrew the motion to withdraw her guilty plea at the hearing of April 19, 2007 and overruled the motion to withdraw her plea as moot.
 {¶ 10} The trial court imposed sentence in a judgment entry filed on April 25, 2007. Appellant appeals the judgment.
 {¶ 11} Appellant is represented by appointed counsel in this appeal. Appellant's counsel has concluded that there is no merit to an appeal. Following the procedure under Anders v. California (1967), 386 U.S. 738, appellant's counsel has filed both an appellate brief on behalf of appellant and a motion for leave to withdraw as her attorney.
 {¶ 12} Anders v. California concerns the duty of court-appointed counsel to pursue an appeal on behalf of an indigent defendant. InAnders, the Supreme Court of the United States established the procedure followed in circumstances where appointed counsel concludes that there is no merit to an appeal and seeks to withdraw from further representation of the appellant. Under Anders v. California, counsel must undertake a "conscientious examination" of the case and, if he determines an appeal would be *Page 5 
"wholly frivolous," must advise the court and seek permission to withdraw. Id., at 744; State v. Duncan (1978), 57 Ohio App.2d 93. The request to withdraw must be accompanied with a brief "referring to anything in the record that might arguably support the appeal." Id. A copy of the brief is to be furnished to the defendant. Id. The indigent defendant is permitted additional time to raise any points he chooses in his own brief. Id.
 {¶ 13} Once these requirements have been met, the appellate court must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. Id. Where the appellate court concludes that an appeal is wholly frivolous, it may grant the motion to withdraw and dismiss the appeal. Id.
 {¶ 14} Appellant's counsel filed an appellate brief asserting seven "possible assignments of error" for consideration in this appeal:
 {¶ 15} "I. Appellant's plea was not knowingly, intelligently and voluntarily given under criminal rule 11.
 {¶ 16} "II. The trial court erroneously denied appellant's motion to withdraw her plea under criminal rule 32.1.
 {¶ 17} "III. Appellant was denied the right to a speedy trial under ORC 2945.71.
 {¶ 18} "IV. Appellant was denied her rights under the Interstate Detainer Agreement under ORC 2941.401.
 {¶ 19} "V. Appellant was denied the effective assistance of counsel.
 {¶ 20} "VI. The trial court violated the purposes and principles of sentencing under ORC 2929.41 regarding concurrent sentencing. *Page 6 
 {¶ 21} "VII. The trial court violated the purposes and principles of sentencing under ORC 2929.12."
 {¶ 22} Appellant has also filed her own pro se brief. In it she assigns three errors on appeal:
 {¶ 23} "I. The trial court abused its discretion in not informing appellant that under statute she would not be eligible for probation under Criminal R 11.
 {¶ 24} "II. The trial court abused its discretion in denying appellant motion and letter to withdraw her plea under Criminal R. 32.1.
 {¶ 25} "III. Trial counsel provided ineffective assistance o [sic] and violated appellants sixth Amendment Rights by misleading appellant and incompletely swaying her plea."
 {¶ 26} We consider appellant's assignments of error in her pro se brief first. In the Assignment of Error No. I, appellant claims that the trial court erred in failing to inform her that she was statutorily ineligible for a sentence of community control. The trial court, however, did not rule that she was ineligible for community control. The trial court specifically advised appellant that under the plea agreement she could be sentenced anywhere in a range of sentences from community control to a maximum of ten years imprisonment. Accordingly, appellant's Assignment of Error No. I is not well-taken.
 {¶ 27} Under the second assigned error, appellant argues that the trial court erred in denying her motion and letter to withdraw her guilty plea. Appellant asserts that the trial judge coerced, induced, or caused appellant from entering a knowing or voluntary *Page 7 
plea. The only claimed basis for the contention is the fact that the trial court discussed the risks of rejecting the plea agreement and proceeding to trial on all nine counts of the indictment.
 {¶ 28} A flaw in appellant's argument is the fact that appellant accepted the plea agreement and pled guilty weeks before the court's comments; that is, on February 5, 2007. Secondly, at the April 19, 2007 hearing on the motion to withdraw appellant's guilty plea, the trial court did no more than present an accurate depiction of potential maximum sentences depending on whether appellant withdrew her plea and proceeded to trial on all nine counts of the indictment or accepted the plea agreement and faced sentencing on two counts. The fact that a "plea was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial" does not invalidate a guilty plea. SeeState v. Piacella (1971), 27 Ohio St.2d 92, 96.
 {¶ 29} We have reviewed the record and find no evidence of coercion by the trial court. The record includes competent credible evidence supporting the trial court's conclusion that appellant knowingly, intelligently, and voluntarily withdrew the motion to withdraw her guilty plea. Accordingly we conclude appellant's Assignment of Error No. II is not well-taken.
 {¶ 30} Under Assignment of Error No. III, appellant claims that she was denied effective assistance of counsel. Appellant asserts her attorney knew that the evidence only supported a conviction for misuse of a credit card with charges totaling less than $5,000. The indictment specified charges totaling $5,000 or more. *Page 8 
 {¶ 31} To establish ineffective assistance of counsel, a criminal defendant must prove two elements: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense."Strickland v. Washington (1984), 466 U.S. 668, 687. Prejudice underStrickland v. Washington requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 {¶ 32} Additionally, in considering a claim of ineffective assistance of counsel, a court must be "highly deferential" to trial counsel and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A properly licensed attorney in Ohio is presumed to execute his duties in an ethical and competent manner. State v. Hamblin (1988),37 Ohio St.3d 153, 155-56, sentence reversed on other grounds, Hamblin v.Mitchell (C.A.6, 2003), 354 F.2d 482.
 {¶ 33} Where counsel acts, based upon reasonably debatable tactical strategies, no claim of ineffective assistance of counsel is presented.State v. Clayton (1980), 62 Ohio St.2d 45. The Clayton analysis has been applied in the context of recommendations by counsel on whether to accept a proposed plea agreement. State v. Burke (March 15, 2000), 7th Dist. No. 98-CO-64; State v. Jiminez (May 27, 1999), 8th Dist. No. 75382. *Page 9 
 {¶ 34} Appellant was sentenced to a total of six years imprisonment on the two counts. The seven other counts were dismissed under the plea agreement. Appellant had faced a risk of a maximum term of 33 years imprisonment if the plea agreement were set aside and appellant were found guilty of all nine counts to the indictment. Under the circumstances, we conclude that counsel's plea recommendation to accept the plea agreement rather than risk trial on all counts constituted a strategic decision that does not support a claim of ineffective assistance of counsel. We find appellant's Assignment of Error No. III is not well-taken.
 {¶ 35} We conclude that the potential issues raised by appellate counsel also lack merit. The record does not present any basis to contend that substantial compliance with Crim. R. 11 was lacking or that the guilty plea was not knowingly and voluntarily made. The trial court conducted a detailed Crim. R. 11 review with appellant of her rights and her decision to waive those rights by pleading guilty at the plea hearing. Appellant withdrew her Crim. R. 32.1 motion to withdraw her guilty plea.
 {¶ 36} Appellant waived any objection based upon claimed denial of her statutory right to a speedy trial by entering a guilty plea. SeeState v. Kelley (1991), 57 Ohio St.3d 127 at paragraph one of syllabus. Furthermore, although appellant filed a notice of place of imprisonment and request for disposition under The Interstate Agreement on Detainers *Page 10 
(R.C. 2963.30[1]) on May 30, 2006 (appellant was held in custody in Michigan on unrelated charges since May of 2005), the filing was followed by a series motions for continuances filed by appellant and a joint motion for a continuance filed jointly with the state until she pled guilty on February 5, 2007. Appellant filed eight motions for continuances — on July 17, August 8, August 28, September 11, September 26, November 2, and November 7, 2006 and on January 22, 2007. Appellant and the state jointly requested a continuance on December 14, 2006. Each continuance was granted based upon written waivers, signed by appellant, of rights under "the Constitution and laws of the United States and the State of Ohio to a speedy trial."
 {¶ 37} The issue of effective assistance of counsel and the guilty plea has been addressed under Assignment of Error No. III.
 {¶ 38} Finally, appellant's counsel identified potential appellate issues concerning sentencing. The first was the fact that the sentences on the two counts were ordered to be served consecutively, rather than concurrently. Under State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, at paragraph seven of the syllabus. No basis has been asserted to find an abuse of discretion *Page 11 
by the trial court in imposing consecutive sentences and a review of the record discloses none.
 {¶ 39} The other sentencing issue raised in the Anders brief concerned compliance with R.C. 2929.12, and whether the trial court committed error in sentencing appellant to prison for a third degree misdemeanor, rather than sentencing her to community control. The trial court acted within its discretion in determining sentence in this case. "A trial court's discretion to impose a sentence within the statutory guidelines is very broad and an appellate court cannot hold that a trial court abused its discretion by imposing a severe sentence on a defendant where that sentence is within limits authorized by the applicable statute.State v. Harmon, 6th Dist. No. L-05-1078, 2006-Ohio-4642, ¶ 16, citingHarris v. U.S. (2002), 536 U.S. 545, 565." State v. Friess, 6th Dist. No. L-05-1307, 2007-Ohio-2030, ¶ 6.
 {¶ 40} The record reflects that the trial court considered a detailed presentence report and the prior criminal record of appellant at sentencing. The record presents no basis to conclude that the trial court failed to consider statutory factors under R.C. 2929.12 in imposing sentence.
 {¶ 41} We conclude that no meritorious issue for appeal is presented in the potential issues raised by appellant's counsel in the brief he filed under Anders. We have also conducted our own independent review of the record and proceedings in the trial court and conclude that appellant's appeal is entirely without merit. Counsel for appellant *Page 12 
has met his responsibilities under Anders v. California. We, therefore, grant his motion to withdraw.
 {¶ 42} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant of App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR.
[1] Counsel for appellant cited R.C. 2941.401 as the applicable statute in the Anders brief. However, as appellant was held in custody out of state, R.C. 2963.30 is the applicable statutory provision. *Page 1