[Cite as *State v. Gray*, 2015-Ohio-5021.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-15-1072

    Appellee                                  Trial Court No. CR0201401513

v.

Nathan Gray                                      **DECISION AND JUDGMENT**

    Appellant                                 Decided:  December 4, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Ernest E. Bollinger, for appellant.

Nathan Gray, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Nathan Gray, appeals from his conviction in the Lucas County

Court of Common Pleas on four counts of sexual battery in violation of R.C.

2907.03(A)(1) and 2907.03(B).  Appellant was sentenced to 15 years as a result of his

conviction.  For the following reasons, we affirm.

**{¶ 2}** Appellant's appointed counsel has filed an appellate brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The U.S. Supreme Court in *Anders* held that if counsel, after a thorough review of the record, finds any appeal will be frivolous, he or she may file an appellate brief with proposed assignments of error and a motion to withdraw. *Id.* Counsel should furnish the brief to his or her client and give the client sufficient time to raise any other matters he or she may choose. *Id.* Appellant in this case has provided his own brief. The appellate court must then review the entire record to determine if the appeal is indeed frivolous. If the appeal is deemed frivolous, the appellate court may grant counsel's request to withdraw and dismiss the appeal or may proceed to the merits of the appeal as necessary. *Id.*

**{¶ 3}** Appellant's counsel and appellant each set forth the same proposed four assignments of error for our review:

**{¶ 4}** Assignment of Error No. 1: The trial court abused its discretion in sentencing appellant to a term of fifteen years.

**{¶ 5}** Assignment of Error No. 2: Appellant's plea was not intelligently, knowingly, and voluntarily given.

**{¶ 6}** Assignment of Error No. 3: The trial court erred in imposing costs.

**{¶ 7}** Assignment of Error No. 4: Appellant received ineffective assistance of counsel.

2.

**{¶ 8}** While serving a four-year term on a different charge, appellant's then 19-year-old daughter disclosed her father sexually assaulted her. She alleged the abuse began when she was 11 years old and resulted in the birth of a child when she was 14. Appellant's daughter indicated the abuse stopped when he was incarcerated for unlawful sexual misconduct with another minor.

**{¶ 9}** On March 28, 2013, an indictment was handed down which charged appellant with one count of rape, a felony of the first degree in violation of R.C. 2907.02(A)(1)(B) and six counts of sexual battery, a felony of the third degree, in violation of R.C. 2907.03 (A)(5) and (B).

**{¶ 10}** On April 24, 2014, appellant was found indigent and appointed counsel. A blood test was ordered and bond was set.

**{¶ 11}** Pursuant to a motion by appellant's trial counsel, appellant was referred to the Court Diagnostic and Treatment Center to evaluate appellant's competency to stand trial. The report from this referral found appellant uncooperative and that his claims lacked validity. The report showed appellant was competent. Appellant was referred again to the center for a second competency determination. He was once again found competent. The second referral also did not find appellant's claims of incompetency valid.

**{¶ 12}** On September 4, 2014, appellant withdrew his not guilty plea and entered a plea according to *Alford v. North Carolina* to four counts of sexual battery. The plea was made pursuant to a plea agreement between appellant and the prosecutor. Appellant

3.

signed a sentence recommendation form which recommended a sentence cap of 15 years. Appellant was facing a maximum sentence of 40 years for all seven charges.

{¶ 13} During his plea, the trial court asked several questions about appellant's state of mind. Appellant was on several medications at the time of the hearing. However, he stated on the record he was clearheaded and even that at times the medications helped him be clearheaded. Appellant stated he had "bad" days but stated that the date of the plea hearing was not a "bad" day.

{¶ 14} The trial court found appellant guilty of the four counts of sexual battery. The trial court sentenced appellant to 15 years. The court imposed the maximum of 60 months for three of the four counts of sexual battery and imposed the sentences consecutively. The final count's 60-month sentence was to be served concurrently with the other counts. Appellant was also required to register as a Tier III sexual offender and required to serve five years postrelease control for each count.

{¶ 15} Both appellant and appellant's counsel argue that the trial court abused its discretion when it sentenced appellant to consecutive sentences. Pursuant to R.C. 2929.14, a felony of the third degree can have a sentence of a maximum of 60 months imposed. A trial court reviews the imposition of consecutive sentences under the standard set forth in R.C. 2953.08, not under an abuse of discretion standard. *State v. Banks*, 6th Dist. Lucas No. L-13-1095, 2014-Ohio-1000, ¶ 10. An appellate court can increase, reduce, modify, or vacate the sentence and remand the matter for resentencing should the appellate court find by clear and convincing evidence the trial court's findings

4.

were not supported by the record or were contrary to law. *State v. Jude*, 6th Dist. Wood No. WD-13-055, 2014-Ohio-2437, ¶ 5.

{¶ 16} To impose consecutive sentences the trial court must find: (1) the consecutive sentences are necessary to protect the public or punish the offender, (2) the sentences are not disproportionate to the offense, and (3) one of three conditions exists. R.C. 2929.14(C)(4); *Jude* at ¶ 10. The conditions the trial court must find are: (1) the crime occurred while the offender awaited trial or was on community control, (2) the crimes caused a harm so great and unusual one sentence would not be adequate, or (3) the offender's criminal history demonstrates consecutive sentences are necessary to protect the public. R.C. 2929.14(C)(4)(a)-(c). However, a sentence is not subject to review if: (1) the sentence was authorized by law, (2) the sentence was recommended by both the prosecutor and the appellant, and (3) the sentence was imposed by the sentencing judge. R.C. 2953.08(D).

{¶ 17} We do not find the trial court's sentence was contrary to law. First, the sentence was imposed by law. The maximum sentence allowed for a felony of the third degree is 60 months. R.C. 2929.14(A)(3)(a). The court was authorized to give appellant consecutive sentences as it made the required findings under R.C. 2929.14(C)(4). The court found consecutive sentences were necessary to protect the public, the consecutive sentences were not disproportionate to the crime, and appellant's history demonstrated the sentences were necessary to protect the public. These findings were supported by the record. Second, the sentence was jointly recommended by the prosecutor and appellant.

5.

Appellant, under the advice of his attorney, signed the sentence recommendation form which limited his sentence to 15 years. Had a plea agreement not been reached and appellant had proceeded to trial, appellant could have been sentenced to 40 years. Finally, the sentence was imposed by the sentencing judge. Thus, pursuant to R.C. 2953.08(D), appellant's sentence is not reviewable. His first assignment of error is not well-taken.

{¶ 18} Appellant then argues his plea was not made intelligently, knowingly, and voluntarily. An appellate court reviews whether a plea was in compliance with Crim.R. 11(C) de novo. *State v. Senich*, 8th Dist. Cuyahoga No. 82581, 2003-Ohio-5082, ¶ 18. A trial court must determine the defendant made the plea voluntarily and that the defendant understands the nature of the charges and the maximum penalty involved. Crim.R. 11(C). A trial court must also inform the defendant of effect of the plea and inform the defendant of the constitutional rights the defendant is relinquishing when making the plea. *Id.*

{¶ 19} Appellant argues he was not able to be clearheaded when he pled due to the medications he was taking at the time of the hearing. The record shows the trial court engaged in an in-depth discussion about the medications appellant was taking and their effect on his state of mind. The trial court asked appellant if the medication interfered with his ability to understand and comprehend what was occurring in court. Appellant answered that the medications did not and that he was coherent. He further stated the medications helped him remain calm and understand better what was going on around

6.

him. The trial court found appellant was alert and not in a drug haze based on appellant's behavior in court. Appellant stated that at times he has "bad" days, but that the day he made his plea he was not having a "bad" day. Appellant also clarified some of his testimony where he stated he was "pretty clear headed" to "clear headed." Accordingly, we find appellant's contention that his medication made his plea unintelligently, unknowing, or involuntary to be unfounded. His second assignment of error is not well-taken.

{¶ 20} Appellant also argues the trial court erred when it assessed the costs of prosecution, supervision, assigned counsel, and confinement against him because he was indigent. R.C. 2947.23(A)(1)(a) requires the trial court in all criminal cases to charge the defendant with costs of the prosecution. The trial court has the discretion to assess additional costs of confinement, supervision, and assigned counsel costs. R.C. 2929.18(b) and 2951.021.

{¶ 21} The fact that the defendant is found indigent does not relieve the defendant of having prosecution costs assessed against him or her. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 18. Rather, a court must assess these costs against all convicted defendants. *Id*. To assess any other costs, including those for confinement and supervision, the trial court must find the defendant has the ability to pay those costs. *State v. Cole*, 6th Dist. Lucas Nos. L-03-1163, L-03-1162, 2005-Ohio-408,

7.

¶ 26, citing *State v. Caudill*, 5th Dist. Ashland No. 03-COA-031, 2004-Ohio-2803, ¶ 8. The finding of the defendant's ability to pay these costs must be supported by the record. *Id*.

{¶ 22} Here, the trial court was required by the Revised Code to assess the costs of prosecution against appellant and therefore did not err in assessing them against appellant.

{¶ 23} The trial court did not abuse its discretion in assessing the costs of confinement, supervision, and appointed counsel costs against appellant because the trial court found that appellant had the ability to work and therefore the ability to pay the costs. Upon review of the presentencing report, the trial court's finding regarding appellant's ability to work was supported by appellant's current age of 46 and the lack of physical or mental disabilities which would limit his ability to work. Therefore, appellant's third assignment of error is not well-taken.

{¶ 24} Appellant's fourth of assignment of error asserts he was denied effective assistance of counsel during the proceedings. To establish ineffective assistance of counsel, the defendant must show that counsel's performance was deficient which requires showing that counsel made errors so serious he or she no longer were functioning as "counsel." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must also show he or she was prejudiced by the performance of the attorney. *Id*. A properly licensed attorney in Ohio is presumed to be ethical and represent clients in a competent manner. *State v. Smith*, 17 Ohio St.3d 98,

100, 477 N.E.2d 1128 (1985), citing *Vaughn v. Maxwell*, 2 Ohio St.2d 299, 301, 209 N.E.2d 164 (1965). When counsel acts on reasonable tactical strategies, a defendant cannot claim ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 48, 402 N.E.2d 1189 (1980). This applies to the advice a counselor gives to his or her client about the acceptance of a plea agreement. *State v. McIntosh*, 6th Dist. Erie No. E-07-048, 2008-Ohio-4743, ¶ 33, citing *State v. Burke*, 7th Dist. Columbiana No. 98-CO-64, 2000 WL 288522.

{¶ 25} Appellant was facing up to 40 years in prison had he been found guilty of all seven charges he was indicted on. Had the case proceeded to trial, appellant's daughter would have testified appellant had sexual intercourse with her for eight years. A DNA test of appellant's daughter's child would have proven that appellant was the father of the child. Despite this evidence, appellant's attorney was able to negotiate a plea agreement where appellant would only serve 15 years for four counts of sexual battery. We do not find this representation to be deficient with respect to the plea agreement reached between appellant and the prosecutor.

{¶ 26} We raise the issue of the failure of trial counsel to seek a waiver of court costs at the time of sentencing. As stated, a trial court is required to impose the costs of prosecution against all defendants. R.C. 2947.23 (A)(1)(a). However, a trial court has the discretion to waive these costs based on the defendant's indigency. *White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, at paragraph four of the syllabus. The court may only grant such a waiver if the defendant makes a motion for such a waiver. *State v.*

9.

*Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph two of the syllabus. If the motion is not made, the issue of court costs is waived on appeal. *Id.*

{¶ 27} The Eighth Appellate District determined trial counsel was ineffective when it failed to file the motion to waive court costs at the time of sentencing when there was a reasonable probability the motion would have been granted by the trial court. *State v. King*, 6th Dist. Wood No. WD-09-069, 2010-Ohio-3074, ¶ 11, quoting *State v. Blade*, 8th Dist. Cuyahoga Nos. 88703, 88704, 88705, 2007-Ohio-5323, ¶ 12. The court found that due to the trial court's previous waivers of court costs, had trial counsel made a motion to waive the additional costs, the trial court would have waived those costs as well. *Blade* at ¶ 13.

{¶ 28} However, we do not find trial counsel ineffective for failing to make a motion to waive court costs. There was not a "reasonable probability" that the trial court would have granted the motion to waive the court costs. The trial court was aware of the indigent status of appellant but still made a finding appellant had the ability to work. Based on its finding appellant had the ability to work, the trial court found appellant would be able to pay the court costs in the future despite his current status as indigent. Appellant's fourth assignment of error is found not well-taken.

{¶ 29} Based on the record, this court agrees with appellant's counsel that this appeal is without merit. Based on our independent review of the record, it is appropriate to conclude that there is no other ground upon which a meritorious appeal can be made.

Thus, this appeal is without merit and wholly frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Counsel's motion to withdraw is granted.

{¶ 30} Thus, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

James D. Jensen, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.