**[Cite as *State v. Gessel*, 2020-Ohio-403.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                             Court of Appeals No. WM-19-004

      Appellee                                         Trial Court No. 19CR000027

v.

Steve A. Gessel                                     **DECISION AND JUDGMENT**

      Appellant                                        Decided:  February 7, 2020

* * * * *

Katherine J. Zartman, Williams County Prosecuting Attorney, and
Stacey S. Stiriz, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Steve A. Gessel, appeals the April 11, 2019 judgment of the

Williams County Court of Common Pleas, sentencing him to an aggregate prison term of

96 months and ordering him to pay costs and appointed counsel fees following his

conviction on two counts of unlawful sexual conduct with a minor. For the reasons that follow, we reverse the trial court judgment.

## I. Background

{¶ 2} On January 15, 2019, Steve A. Gessel was indicted on one count of abduction in violation of R.C. 2905.02(A)(2), a third-degree felony (Count 1); two counts of rape in violation of R.C. 2907.02(A)(2), both first-degree felonies (Counts 2 and 3); unlawful sexual conduct with a minor in violation of R.C. 2907.04(A)(B)(3), a third-degree felony (Count 4); and kidnapping in violation of R.C. 2905.01(A)(4)(C)(1), a first-degree felony (Count 5). Gessel was appointed counsel and appeared before the trial court on January 17, 2019 for his arraignment. He entered a not guilty plea to all counts.

{¶ 3} On March 11, 2019, Gessel appeared for a change of plea hearing. Prior to entering his new plea, the state amended Count 2 of the indictment from rape to unlawful sexual conduct with a minor, a third-degree felony. Gessel then entered a guilty plea to the amended Count 2 and to Count 3. On April 10, 2019, the trial court sentenced him to 48 months in prison with five years of mandatory postrelease control on each count. The trial court ordered the sentences imposed to be served consecutively for an aggregate prison sentence of 96 months. The trial court also ordered Gessel to pay all costs of prosecution, costs for court-appointed counsel, and all permitted supervision fees. The trial court dismissed the remaining counts at the state's request and its judgment entry was journalized the following day.

2.

**{¶ 4}** Gessel timely appeals and asserts the following errors for our review:

1. The imposition of consecutive sentences is not supported by the record.

2. The trial court's order to pay attorney fees and costs must be reversed for failure to find Gessel had the ability to pay.

## II. Law and Analysis

**{¶ 5}** We review felony sentences under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. We may increase, modify, or vacate and remand a trial court's imposition of consecutive sentences only if we clearly and convincingly find that: (1) "the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, * * *" or (2) "the sentence is otherwise contrary to law." *Id*., citing R.C. 2953.08(G)(2). Because Gessel's arguments all relate to the sentence imposed by the trial court, we utilize this standard in reviewing each of Gessel's assignments of error.

### a. Assignment of Error No. 1

**{¶ 6}** In his first assignment of error, Gessel argues that the trial court's order to serve his sentences consecutively is contrary to law because the trial court failed to make the necessary findings under R.C. 2929.14(C)(4). A trial court's failure to make the necessary findings under R.C. 2929.14(C)(4) does indeed render the imposition of consecutive sentences contrary to law. *See State v. Bonnell*, 140 Ohio St.3d 209,

3.

2014-Ohio-3177, 16 N.E.3d 659, ¶ 37; *State v. Kubat*, 6th Dist. Sandusky No. S-13-046, 2015-Ohio-4062, ¶ 35.

{¶ 7} R.C. 2929.14(C)(4) provides as follows:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 8}** This statute requires the trial court to make three statutory findings before imposing consecutive sentences. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26. It must find (1) that consecutive sentences are necessary to protect the public or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) that R.C. 2929.14(C)(4)(a), (b), or (c) is applicable. *Beasley* at ¶ 252. "[T]he trial court must make the requisite findings *both* at the sentencing hearing and in the sentencing entry." (Emphasis in original.) *Id.* at ¶ 253, citing *Bonnell* at ¶ 37. While "a word-for-word recitation of the language of the statute is not required," a reviewing court must be able to discern that the trial court engaged in the correct analysis and the record must contain evidence to support the trial court's findings. *Bonnell* at ¶ 29.

### i. The trial court engaged in the appropriate analysis to determine consecutive sentences were not disproportionate to the danger appellant poses to the public.

**{¶ 9}** Gessel first argues his sentence was contrary to law because the trial court failed to find that the imposition of consecutive sentences are not disproportionate to the danger he poses to the public. In order to impose consecutive sentences, the trial court must determine that consecutive sentences are "not disproportionate to the seriousness of

5.

the offender's conduct *and* to the danger the offender poses to the public." R.C. 2929.14(C)(4). (Emphasis added). Gessel acknowledges the trial court properly found consecutive sentences were not disproportionate to his conduct both at the sentencing hearing and in its judgment entry. He argues, however, that the imposition of consecutive sentences is defective because the trial court failed to also find that consecutive sentences were not disproportionate to the danger he posed to the public.

{¶ 10} At the sentencing hearing, the trial court did not recite the precise language from R.C. 2929.14(C)(4) regarding the proportionality of consecutive sentences. However, "the trial court is 'not required to cite any "magic" or "talismanic" words when imposing consecutive sentences provided it is 'clear from the record that the trial court engaged in the appropriate analysis.'" *State v. Long*, 6th Dist. Wood Nos. WD-14-042, WD-14-043, 2015-Ohio-920, ¶ 7, citing *State v. Wright*, 6th Dist. Lucas Nos. L-13-1056, L-13-1057, L-13-1058, 2013-Ohio-5903, ¶ 33. Through our review of the record, we find the trial court did engage in the appropriate analysis regarding the imposition of consecutive sentences and Gessel's danger to the public.

{¶ 11} When imposing the sentence, the trial court stated that it had to "consider the general public" in determining Gessel's sentence and to "protect the public from future crime by [Gessel]." From these statements it is clear that the trial court considered the danger Gessel posed to the public when determining his sentence. Therefore, the record shows that the trial court engaged in the correct analysis when imposing

6.

consecutive sentences. *Bonnell* at ¶ 29. Gessel's argument that the trial court's failure to explicitly state this finding is without merit.

{¶ 12} Notably, Gessel's argument has already been rejected by other Ohio courts. In holding the trial court did not need to explicitly state its disproportionality findings, the Second District Court of Appeals stated:

> [i]f we require the trial court to say more than was said in this case, we are effectively requiring courts to follow precisely the language of the statute or, worse yet, simply to read the statutory language into the record to merely satisfy the statutory consecutive-sentences requirement. The focus should be on whether the trial court performed the required analysis and made appropriate conclusions, not on whether it can read the statute into the record.

*State v. Polhamus*, 2d Dist. Miami No. 2013-CA-3, 2014-Ohio-145, ¶ 30. *See also State v. Hargrove*, 10th Dist. Franklin No. 15AP-102, 2015-Ohio-3125; *State v. Chaney*, 2d Dist. Clark No. 2015-CA-116, 2016-Ohio-5437.

{¶ 13} We therefore find that the trial court completed the appropriate analysis and its omission of specific statutory language does not warrant reversal.

### ii. The trial court failed to find appellant's offenses were committed as part of one or more courses of conduct.

{¶ 14} Next, Gessel argues that the trial court failed to find that his two offenses were committed as part of one or more courses of conduct. In imposing consecutive

7.

sentences, the trial court invoked R.C. 2929.14(C)(4)(b) which requires this finding. While the trial court's sentencing order reflects this finding, Gessel argues that the trial court's failure to address this issue at the sentencing hearing was error. We agree.

{¶ 15} When imposing consecutive sentences at the hearing, the trial court stated:

I do find that consecutive prison sentences are necessary to protect the public and to punish you for your conduct. Further, I am going to find that your harm was so great and unusual to this victim that concurrent sentences [d]o not adequately reflect the seriousness of your conduct and therefore, consecutive sentences are necessary.

Absent from this statement is any finding that Gessel's offenses were committed as part of one or more courses of conduct. We are unable to identify any part of the record that suggests the court properly reached this conclusion and merely omitted its finding when imposing a sentence. Therefore, we find the trial court's imposition of consecutive sentences was contrary to law for failing to reach this necessary finding.

### iii. The record supports the trial court's finding of great or unusual harm.

{¶ 16} The trial court found the harm arising from Gessel's conduct was so great that no single prison sentence adequately reflected the seriousness of his conduct. This finding was made at both the sentencing hearing and in the trial court's judgment entry. Gessel argues that no evidence of "great or unusual harm" was presented at the sentencing hearing and, therefore, the trial court's finding was not supported by the record. We disagree.

8.

{¶ 17} A trial court's finding of great or unusual harm must be supported by actual evidence, not just the potential for such harm. *State v. Williams*, 6th Dist. Lucas Nos. L-15-1259, L-15-1260, 2016-Ohio-4905, ¶ 27. Nonetheless, we may reverse only if we find by clear and convincing evidence that the finding of great or unusual harm is not supported by the record. *Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, at ¶ 20.

{¶ 18} Here, at the time of his guilty plea, the state informed the trial court that "through conversations with the victim, the victim would prefer to remain anonymous and has asked the court (sic), the state to try and resolve such so that she does not have to testify or re-live these offenses[.]" At sentencing, Gessel was asked whether he considered the impact of his conduct on his victim. He stated, "I worry about her. I mean I don't know what kind of impact it caused. I'm hoping it didn't disturb her in any horrible way but I mean I'm not sure to be honest."

{¶ 19} The state's representation that the victim did not wish to relive Gessel's offenses shows that she suffered great harm from his conduct. Gessel is unable to refute this concern, either at the sentencing or in this appeal, by pointing to *clear and convincing* evidence demonstrating that the trial court erred in making that conclusion. *Goings* at ¶ 20, R.C. 2953.08(G)(2). We therefore find that the record supports the trial court's finding that the victim suffered great or unusual harm. *See State v. Eager*, 3d Dist. Henry No. 7-15-02, 2015-Ohio-3525 (holding appellant's acknowledgement of victim's emotional distress as a result of his offenses was sufficient to show great and

9.

unusual harm); *Williams* at ¶ 28 (holding the state's representations at the plea hearing regarding the intimidation of witnesses as a result of appellant's gang affiliation was sufficient to support a finding of great or unusual harm).

### iv. The trial court's failure to make all necessary findings at the sentencing hearing requires remand.

{¶ 20} The trial court properly found that the imposition of consecutive sentences was not disproportionate to the danger Gessel poses to the public. Further, the record supports the trial court's finding that Gessel's victim suffered great or unusual harm resulting from his conduct. But, the trial court failed to make a finding that Gessel's offenses were part of one or more courses of conduct before imposing consecutive sentences as required by R.C. 2929.14(C)(4)(b). This failure requires us to reverse the trial court's judgment and remand for a new sentencing hearing. *See Kubat*, 6th Dist. Sandusky No. S-13-046, 2015-Ohio-4062, at ¶ 38, quoting *State v. Corker*, 10th Dist. Franklin Nos. 13AP-264, 13AP- 265 and 13AP-266, 2013-Ohio-5446, ¶ 38 ("'[W]hen the trial court fails to articulate the appropriate findings required by R.C. 2929.14(C)(4), the case is to be remanded for the trial judge to consider whether consecutive sentences are appropriate under [R.C. 2929.14(C)(4)] and, if so, to enter the proper findings on the record.'").

{¶ 21} Accordingly, we find Gessel's first assignment of error well-taken.

10.

## b. Assignment of Error No. 2

{¶ 22} In his second assignment of error, Gessel argues that the trial court erred in ordering him to pay court-appointed attorney's fees and costs without first determining whether he has, or reasonably may be expected to have, the means to pay those costs. We agree.

{¶ 23} At the sentencing hearing, the trial court notified Gessel that it was imposing "attorney's fees and costs" against him. The trial court did not specify which costs it was imposing at the hearing but in its sentencing entry stated "[d]efendant is ordered to pay all costs of prosecution, any court-appointed counsel costs, and any supervision fees permitted, pursuant to R.C. 2929.18(A)(4)[.]" Gessel requests that the discretionary costs be vacated due to the trial court's failure to determine his ability to pay.

{¶ 24} We must first determine which costs are mandatory and which are "discretionary." We previously held that prosecution costs and fees permitted pursuant to R.C. 2929.18(A)(4) are mandatory costs not conditioned on an offender's ability to pay. *State v. Lantz*, 6th Dist. Fulton No. F-18-011, 2019-Ohio-3307, ¶ 12, 18. The trial court properly imposed these mandatory costs against Gessel.

{¶ 25} The costs of supervision and assigned counsel, however, are not mandatory and "must be conditioned on appellant's ability to pay." *State v. Wymer*, 6th Dist. Lucas No. L-18-1108, 2019-Ohio-1563, ¶ 14. To impose these costs, the trial court must affirmatively find that the defendant has, or reasonably may be expected to have, the

ability to pay. *Id.*; *State v. Grey*, 6th Dist. Lucas No. L-15-1072, 2015-Ohio-5021, ¶ 21. While the court need not conduct a formal hearing as to the defendant's ability to pay these costs, a finding of his ability to pay must be supported by clear and convincing evidence in the record. *Id.* When the record on appeal contains no evidence reflecting the trial court's consideration of present or future ability to pay these costs—such as consideration of defendant's age, health, employment history, or level of education—the imposition of these costs is improper and must be vacated. *State v. Stovall*, 6th Dist. Lucas No. L-18-1048, 2019-Ohio-4287, ¶ 37.

{¶ 26} Here, the trial court failed to make any finding regarding Gessel's ability to pay the discretionary costs at either his sentencing hearing or in its judgment entry. The trial court failed to address any evidence of Gessel's ability to pay these costs during the underlying proceedings. Thus, Gessel's second assignment of error is found well-taken. We, therefore, vacate the award of costs of supervision and assigned counsel.

## III. Conclusion

{¶ 27} We find both of Gessel's assignments of error well-taken. The trial court failed to properly consider whether Gessel's offenses were part of one or more courses of conduct under R.C. 2929.14(C)(4)(b) before imposing consecutive sentences. We, therefore, reverse and remand this matter to the trial court for resentencing in accordance with this decision.

12.

{¶ 28} Additionally, because the trial court failed to determine Gessel's ability to pay costs of supervision and appointed counsel fees before imposing such costs, we vacate the trial court's award of these non-mandatory costs. All costs of prosecution and fees permitted pursuant to R.C. 2929.18(A)(4) were properly imposed and are not vacated by this decision.

{¶ 29} The costs of this appeal are assessed to the state pursuant to App.R.24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.