**[Cite as *State v. Resendez*, 2020-Ohio-6653.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals No. L-20-1020

      Appellee                             Trial Court No. CR0201902145

v.

Sergio Resendez                            **DECISION AND JUDGMENT**

      Appellant                            Decided:  December 11, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Anthony J. Richardson II, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Sergio Resendez, appeals the January 3, 2020 judgment of the Lucas County Court of Common Pleas which, following his no contest pleas to aggravated vehicular assault and attempt to commit aggravated vehicular assault, sentenced appellant to a consecutive prison sentence of 65 months.  Because we find that the court did not properly impose the consecutive sentence, we reverse.

{¶ 2} On July 8, 2019, appellant was indicted on four counts of aggravated vehicular assault and on two counts of operating a motor vehicle under the influence. The charges stemmed from a motor vehicle accident on April 29, 2019, where appellant, driving while intoxicated and under a license suspension, struck another vehicle injuring the driver and her minor son. On September 25, 2019, appellant entered a not guilty plea to the charges.

{¶ 3} On December 12, 2019, appellant withdrew his not guilty plea and entered pleas of no contest to aggravated vehicular assault (amended Count 2), a third-degree felony, and attempted aggravated vehicular assault (Count 4), a fourth-degree felony. Thereafter, on December 31, 2019, appellant was sentenced to 45 months of imprisonment for aggravated vehicular assault and 17 months of imprisonment for attempted aggravated vehicular assault. The sentences were ordered to be served consecutively. By agreement, the remaining two charges were dismissed. This appeal followed.

{¶ 4} Appellant now raises three assignments of error for our review:

> (1.) The trial court committed error by sentencing appellant to consecutive prison terms without making the necessary findings.

> (2.) The trial court committed error by failing to properly apply the plain meaning and legislative intent of applicable statutes when sentencing appellant.

2.

(3.) The trial court committed error by imposing discretionary costs on appellant without making the necessary findings.

{¶ 5} We first note that our review of the imposition of a felony sentence is in accordance with R.C. 2953.08. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 16. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 6} In appellant's first assignment of error he argues that the trial court failed to make the findings required under R.C. 2929.14(C) prior to imposing a consecutive sentence. This court, examining the Supreme Court of Ohio's holdings in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659 and *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, recently outlined a trial court's requirements in sentencing a defendant to a consecutive sentence. *State v. Gessel*, 6th Dist. Williams No. WM-19-004, 2020-Ohio-403. In *Gessel*, we stated that in sentencing a defendant to a consecutive sentence a trial court is required to make three statutory findings. *Id.* at ¶ 8, citing *Beasley* at ¶ 252; *Bonnell* at ¶ 26. The court must find (1) that

3.

consecutive sentences are necessary to protect the public or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) that R.C. 2929.14(C)(4)(a), (b), or (c) is applicable. *Id.*, citing *Beasley* at ¶ 252. These sections provide:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 7} The trial court must make the above-quoted findings at the sentencing hearing and in the sentencing entry. *Gessel* at ¶ 8, citing *Beasley* at ¶ 253. While "'a word-for-word recitation of the language of the statute is not required,' a reviewing court

4.

must be able to discern that the trial court engaged in the correct analysis and the record must contain evidence to support the trial court's findings." *Id.*, quoting *Bonnell* at ¶ 29.

{¶ 8} In the present case, at the December 31, 2019 sentencing hearing the trial court, in sentencing appellant to a consecutive sentence, found: "Based on consecutive sentences the Court finds the harm caused was so great to each individual person injured that the consecutive sentence can be met due to the seriousness of the conduct. In addition, there were [sic] prior alcohol related offense."

{¶ 9} The January 3, 2020 sentencing judgment entry provides:

Being necessary to fulfill the purposes of R.C. 2929.11 and 2929.14(C)(4), consecutive sentence are [sic] necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court further finds the harm caused was so great or unusual such that no single prison term is adequate, therefore the sentences are ordered to be served consecutively for a total of 65 months of which 48 months is mandatory.

{¶ 10} As set forth above, a trial court need not recite the exact words of R.C. 2929.14(C)(4) in order to impose consecutive sentences. Here, in reviewing the court's statement at sentencing and in the judgment entry we agree with appellant that there was no mention made of a "course of conduct" under R.C. 2929.14(C)(4)(b). The fact that the court *could* have found that the two victims injured in one accident was a course of

5.

conduct is immaterial where there is no evidence in the record that the court did so. *See Gessel* at ¶ 15.

{¶ 11} Based on the foregoing, we conclude that evidence that the court engaged in the correct analysis prior to the imposition of a consecutive sentence is lacking in the record. Where the trial court fails to make a required finding at a sentencing hearing for consecutive sentences under R.C. 2929.14(C)(4), the error cannot be cured nunc pro tunc, and the proper remedy is remand for a new hearing. *State v. MacDonald*, 1st Dist. Hamilton No. C-180310, 2019-Ohio-3595, ¶ 64-66, citing *Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, at ¶ 260. Accordingly, because the trial court failed to make one of the required consecutive sentencing findings during the sentencing hearing, appellant's first assignment of error is well-taken.

{¶ 12} We choose to address the remaining assignments of error as the issues may arise during appellant's resentencing. In his second assignment of error, appellant asserts that the trial court's 48-month mandatory prison term for his aggravated vehicular assault conviction, a third-degree felony, was erroneous as the court was required to sentence him to a minimum, mandatory term of 12 months. Appellant supports his argument with a conjunctive reading of R.C. 2929.13(F)(4) and 2929.14(A)(3), and consideration of the overriding purposes of felony sentencing in R.C. 2929.11, use of a minimum sanction to rehabilitate an offender. The state counters that the relevant felony sentencing statutes have no such requirement and that appellant specifically agreed, as part of the plea agreement with the state, to a mandatory term as to Count 2.

6.

{¶ 13} R.C. 2929.13(F)(4) states:

(F) Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms under sections 2929.02 to 2929.06, section 2929.14, section 2929.142, or section 2971.03 of the Revised Code and except as specifically provided in section 2929.20, divisions (C) to (I) of section 2967.19, or section 2967.191 of the Revised Code or when parole is authorized for the offense under section 2967.13 of the Revised Code shall not reduce the term or terms pursuant to section 2929.20, section 2967.19, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code for any of the following offenses:

* * *

(4) A felony violation of section 2903.04, 2903.06, 2903.08, 2903.11, 2903.12, 2903.13, 2905.32, 2907.07, 2921.321, or 2923.132 of the Revised Code if the section requires the imposition of a prison term.

{¶ 14} R.C. 2929.14(A)(3) provides that for a felony of the third degree the prison term "shall be a definite term of twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months."

{¶ 15} Appellant's contends that the "ambiguity" in the Ohio sentencing statutes requires that appellant's sentence for aggravated vehicular assault be the statutory mandatory minimum of 12 months of imprisonment. This assertion is not supported by Ohio statutory or case law. A trial court's sentence is contrary to law only where the

7.

sentence is not within the statutory range or where the court failed to comply with the relevant statutory rules under R.C. Chapter 2929. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. Courts are broadly permitted to fashion a sentence for felony offenders. *See State v. Shazier*, 2019-Ohio-4409, 147 N.E.3d 1220 (3d Dist.).

{¶ 16} Further, in the present matter, the parties entered into a plea agreement where appellant agreed that, as to the aggravated vehicular assault charge, the court could sentence him to 12-60 months of imprisonment and that any term imposed would be mandatory. The court informed appellant of this at the plea hearing, and confirmed that he still wished to enter the plea. Appellant's second assignment of error is not well-taken.

{¶ 17} In appellant's third and final assignment of error he argues that the trial court erred when it ordered him to pay the discretionary costs of appointed counsel and supervision without first determining his ability to pay. We agree. At the December 31, 2019 sentencing hearing, the court made no mention of the imposition of costs. In the sentencing judgment entry the court stated: "Defendant found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law." Under similar circumstances this court found that the court failed to properly impose counsel and supervision costs when it failed to mention such costs, or the defendant's ability to

8.

pay, at the sentencing hearing. *State v. Temple*, 6th Dist. Lucas No. L-18-1070, 2019-Ohio-3503, ¶ 13-14. Accordingly, we find appellant's third assignment of error well-taken and vacate the court's imposition of the costs of assigned counsel and supervision. *See Gessel*, 6th Dist. Williams No. WM-19-004, 2020-Ohio-403, at ¶ 26.

{¶ 18} Because we find that appellant's consecutive sentence was not properly imposed, we reverse the January 3, 2020 judgment of the Lucas County Court of Common Pleas and remand the matter for resentencing. Further, because the trial court failed to determine appellant's ability to pay the costs of appointed counsel and supervision fees before imposing such costs, we vacate the trial court's award of these non-mandatory costs. Pursuant to App.R. 24, the state is ordered to pay the costs of this appeal.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____

Thomas J. Osowik, J.           JUDGE

Gene A. Zmuda, P.J.         _____
CONCUR.                 JUDGE

                                      _____
                                         JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.