[Cite as *State v. Jackson*, 2013-Ohio-1390.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                    CASE NO.  5-12-27

      v.

KAREEM T. JACKSON,                  O P I N I O N

      DEFENDANT-APPELLANT.


Appeal from Hancock County Common Pleas Court

Trial Court No. 2012 CR 65

**Judgment Affirmed**

**Date of Decision:   April 8, 2013**


APPEARANCES:

    *Nathan T. Oswald* **for Appellant**

    *Elizabeth H. Smith*  **for Appellee**

**PRESTON, P.J.**

{¶1} Defendant-appellant, Kareem T. Jackson, appeals the Hancock County Court of Common Pleas' sentence of 30 months imprisonment following his guilty plea to one count of domestic violence. Jackson argues he was denied effective assistance of counsel and that the trial court erred when it ordered him to pay financial sanctions. For the following reasons, we affirm.

{¶2} On March 6, 2012, a Hancock County Grand Jury indicted Jackson on one count of domestic violence in violation of R.C. 2919.25(A), a felony of the third degree. (Doc. No. 1).

{¶3} On March 14, 2012, the trial court arraigned Jackson. (Doc. No. 5). Jackson pled not guilty to the charge. (*Id.*). On June 11, 2012, Jackson changed his plea and pled guilty to the indicted charge of domestic violence. (Doc. No. 23).

{¶4} On August 2, 2012, the trial court held a sentencing hearing. (Doc. No. 28). The trial court ordered Jackson to serve a term of 30 months imprisonment and pay the cost of the proceedings. (Doc. No. 28). On August 8, 2012, the trial court filed its sentencing judgment entry, where it also ordered Jackson to pay any fees permitted pursuant to R.C. 2929.18(A)(4). (*Id.*).

{¶5} On August 29, 2012, Jackson filed a notice of appeal. (Doc. No. 45). Jackson now raises two assignments of error for our review.

## Assignment of Error No. I

**Mr. Jackson was denied effective assistance of counsel when his counsel argued that Mr. Jackson should be sent to prison when there was no presumption that a prison term would result from the conviction.**

{¶6} In his first assignment of error, Jackson argues he was denied effective assistance of counsel because his counsel did not adequately advocate on his behalf. Jackson contends that his counsel admitted that the trial court should sentence Jackson to a prison term and failed to request that the trial court sentence him to community control. Jackson argues his counsel's actions meant it was inevitable that the trial court would sentence him to prison, which undermined the reliability of the sentencing hearing.

{¶7} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984).

{¶8} In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland*, 466 U.S. at 687. Counsel is entitled to a strong presumption that all decisions fall within the wide

range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Frazier*, 61 Ohio St.3d 247, 255 (1991). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St. 3d 136, 141-142 (1989), citing *State v. Lytle*, 48 Ohio St.2d 391, 396 (1976)

{¶9} Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bradley*, 42 Ohio St.3d at 142, citing *Strickland*, 466 U.S. at 691. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Bradley*, 42 Ohio St.3d at 142; *Strickland*, 466 U.S. at 694.

{¶10} At the sentencing hearing, Jackson's counsel informed the trial court that pursuant to the plea negotiations, "the State was going to make no recommendation other than there would be a cap of 30 months." (Aug. 2, 2012 Tr. at 6). Jackson's counsel further stated:

> I've been very honest with [Jackson] in this case. The offense at issue, plus his prior record, his prior commitments to Ohio Department of Rehabilitation and Correction leads me to believe that the Court sentence in this case would result in a prison term. I was very honest with [Jackson] about that. He understands that as well.

-4-

> That is what he is expecting. The issue is is [sic] what sentence the
> Judge would impose on him.

(*Id*. at 7). Jackson's counsel then detailed mitigating factors for the trial court's consideration, including a dispute Jackson had with the victim during the months preceding the offense regarding their child, his concern that the victim was exposing their child to negative influences, that Jackson had consumed alcohol before running into the victim at the bar which caused him to "snap," and that Jackson had remained clean while the case was pending. (*Id*. at 7-8). Jackson's counsel also stated:

> I was looking over his past incarcerations, Your Honor, there's five
> prior incarcerations. Back in 2005 he received a 15 month sentence
> at the Ohio Department of Rehabilitation and Correction. That was
> the longest term that he had had imposed upon him. We're asking
> the Court not to exceed the cap of 30 months that were part of the
> negotiations. However, we would ask the Court to consider an
> incremental sentencing increase. We understand every time that
> you're in front of the court that punishment should go up. There
> should be more incentive to remain law abiding. We would ask the
> Court if it would consider an 18 month sentence. That would be in
> the parameters that the Court could impose. We're respectfully

asking if the Court would consider an 18 month sentence. That would be three additional months from the time that he last served.

(*Id.* at 8).

{¶11} The trial court admitted Jackson's presentence investigation report ("PSI") as an exhibit. (*Id.* at 10). Jackson's PSI indicated that he had numerous prior convictions including two counts of receiving stolen property, one count of theft, five counts of driving under suspension, four counts of domestic violence, one count of aggravated assault, two counts of operating a motor vehicle under the influence, one count of possession of cocaine, one count of assault, one count of trafficking in cocaine, and one count of petty theft. (PSI). The PSI also reflects that Jackson's sentences had increased with each of his domestic violence convictions. (*Id.*). For the first two offenses, the trial court had suspended his sentence and required him to attend a domestic violence program, for his third offense the court sentenced him to 12 months imprisonment, and for his fourth offense the court sentenced him to 14 months imprisonment. (*Id.*).

{¶12} Jackson's arguments are totally groundless. Jackson's counsel used a reasonable strategy of presenting mitigating factors to persuade the trial court to minimize Jackson's sentence. We cannot find that Jackson's representation was deficient because his counsel failed to argue that the trial court should sentence Jackson to community control when his counsel was well aware that such an

argument would be unsuccessful in light of Jackson's lengthy criminal record and previous prison sentences for the same offense. We decline to require counsel to present every possible argument to the trial court, especially those arguments counsel knows the trial court will reject and that may only serve to undermine counsel's credibility before that court. Furthermore, we cannot find that Jackson suffered any prejudice for his counsel's alleged error. Jackson's counsel requested that the trial court impose a sentence of 18 months imprisonment. (Aug. 2, 2012 Tr. at 8). The trial court rejected that argument and imposed a sentence of 30 months imprisonment instead. (*Id*. at 13). We thus have no reason to believe that the trial court would have entertained sentencing Jackson to community control when the trial court found that 18 months imprisonment was insufficient for his fifth domestic violence offense.

{¶13} Jackson's first assignment of error is, therefore, overruled.

### Assignment of Error No. II

**The trial court erred when its final judgment entry containing a provision ordering Mr. Jackson to pay financial sanctions that the court did not impose at sentencing.**

{¶14} In his second assignment of error, Jackson argues the trial court erred when it ordered him to pay fees pursuant to R.C. 2929.18(A)(4) in the sentencing entry when the trial court had not imposed that financial sanction during the

sentencing hearing. Jackson contends that this Court must find that portion of the sentencing entry unlawful and reverse the case for resentencing.

{¶15} During the sentencing hearing, the trial court stated that the "[c]ourt accordingly orders that the Defendant serve a determinate term of 30 months with the Ohio Department of Rehabilitation and Correction, and that he pay the cost of these proceedings." (Aug. 2, 2012 Tr. at 13). In its sentencing entry, the trial court reiterated the sentence of 30 months imprisonment and further stated, "Defendant is ordered to pay all costs of prosecution, and any fees permitted pursuant to Revised Code, Section 2929.18(A)(4)." (Doc. No. 28) (emphasis omitted).

{¶16} R.C. 2929.18(A)(4) provides that for a felony offense, a court may impose a financial sanction or combination of financial sanctions, including "[a] state fine or costs as defined in section 2949.111 of the Revised Code." R.C. 2949.111 defines "[s]tate fines or costs" as:

> any costs imposed or forfeited bail collected by the court under section 2743.70 of the Revised Code for deposit into the reparations fund or under section 2949.01 of the Revised Code for deposit into the indigent defense support fund established under section 120.08 of the Revised Code and all fines, penalties, and forfeited bail

collected by the court and paid to a law library association under section 307.515 of the Revised Code.

{¶17} The Eleventh and Twelfth District Courts of Appeals have each addressed the issue of whether including fees pursuant to R.C. 2929.18(A)(4) in a sentencing entry is sufficient, or if the trial court is required to specifically impose those fees during the sentencing hearing. The Eleventh District has held that the trial court is required to order any fees the defendant must pay pursuant to R.C. 2929.18(A)(4) during the sentencing hearing. *State v. Clark*, 11th Dist. No. 2006-A-0004, 2007-Ohio-1780, ¶ 35, reversed on other grounds, 2008-Ohio-3748; *State v. Tucholski*, 11th Dist. No. 2011-A-0069, 2012-Ohio-5591, ¶ 32. The Eleventh District determined the statutory fees were an "additional sanction" that the trial court must order during the sentencing hearing pursuant to Crim.R. 43(A), which requires the defendant to be present during every stage of the criminal proceeding. *Clark* at ¶ 35-36.

{¶18} The Twelfth District disagreed with the Eleventh District's holding in *Clark*, and held that the "cost of prosecution" imposed during the sentencing hearing included fees permitted pursuant to R.C. 2929.18(A)(4). *State v. Hall*, 12th Dist. No. CA2011-05-043, 2011-Ohio-5748, ¶ 16. The Court reviewed the statutes referenced in R.C. 2949.111 and observed that while the language of R.C. 2929.18(A)(4) permits a trial court to order a felony offender to pay a state fine or

cost pursuant to R.C. 2949.111, "both R.C. 2743.70(A)(1)(a) and R.C. 2949.091(A)(1)(a)(i) require the court to impose upon the offender an additional thirty dollars 'as cost in the case in addition to any other court costs that the court is required to by law to impose upon the offender' when the offender is convicted of or pleads guilty to a felony." *Id.* at ¶ 13, citing *State v. Ricketts*, 4th Dist. No. 07CA846, 2008-Ohio-1637, ¶ 4. The Court observed that R.C. 2743.70(A)(1)(b) and R.C. 2949.091(A)(1)(b) did not permit the trial court to waive the fees unless the court determined the offender was indigent. *Id.* at ¶ 14. The Twelfth District thus determined that "'the General Assembly's intention in enacting these sections was to provide for the imposition of a specific sum of money as costs in any case in which a person is convicted or pleads guilty.'" *Id.*, quoting *Middleburg Heights v. Quinones*, 8th Dist. No. 88242, 2007-Ohio-3643, ¶ 92. The Court concluded that "[t]he term 'cost of prosecution,' although not defined, is synonymous with 'court costs' as defined by R.C. 2949.111(A)(1), meaning 'any assessment that the court requires an offender to pay to defray the costs of operating the court.'" *Id.* at ¶ 16, citing *State v. Boice*, 4th Dist. No. 08CA24, 2009-Ohio-1755, ¶ 22. The Twelfth District thus held that "[b]y ordering appellant to pay the 'cost of prosecution,' this invariably included all mandatory court costs, including those 'fees as permitted under R.C. 2929.18(A)(4).'" *Id.*

Case No. 5-12-27

{¶19} Upon review, we agree with the Twelfth District's holding in *Hall*. R.C. 2743.70(A)(1)(a) and R.C. 2949.091(A)(1)(a)(i) require a trial court to impose certain fees on a felony offender unless the trial court determines the offender is indigent. Consequently, the fees are part of the cost of prosecution unless the trial court waives the fees due to the defendant's indigence. In the case before this Court, as in *Hall*, the trial court ordered a financial sanction of "the cost of these proceedings" during the sentencing hearing and did not find that Jackson was indigent. (Aug. 2, 2012 Tr. at 13). The trial court thus complied with Crim.R. 43(A) by imposing the sentence in the defendant's presence. Therefore, we cannot find that the imposition of "fees permitted pursuant to Revised Code, Section 2929.18(A)(4), " which were part of the cost of the proceeding, was an unlawful additional sanction included in the sentencing entry as Jackson contends.

{¶20} Jackson's second assignment of error is, therefore, overruled.

{¶21} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**