[Cite as *State v. Nevels*, 2016-Ohio-3497.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

v.

NICHOLAS A. NEVELS,

      DEFENDANT-APPELLANT.

CASE NO. 8-15-12

**O P I N I O N**

Appeal from Logan County Common Pleas Court
Trial Court No. CR 15 05 0120

**Judgment Affirmed**

**Date of Decision:  June 20, 2016**

APPEARANCES:

    *Mark S. Triplett* **for Appellant**

    *Eric C. Stewart* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Nicholas A. Nevels ("Nevels") brings this appeal from the judgment of the Court of Common Pleas of Logan County. On appeal, Nevels claims the trial court erred by 1) denying his motion to suppress, 2) denying his motion for judgment of acquittal, and 3) sentencing him to pay fees in the entry after not imposing those fees at the sentencing hearing. For the reasons set forth below, the judgment is affirmed.

{¶2} On March 8, 2015, Officer Jarrod Hostetler ("Hostetler") of the Bellefontaine Police Department received a briefing at the start of his shift that informed him that Nevels, aka Marcus Campbell, was thought to be in the area and that there were active warrants for his arrest. Tr. 19-20. Hostetler was given a picture and description of Nevels along with a description of a vehicle he was believed to be driving. Tr. 21. While on patrol in Bellefontaine, Hostetler saw a vehicle matching the description with a driver matching Nevels description. Tr. 22-24. Hostetler turned to follow the vehicle, observed the driver fail to stop at a stop sign, and caught up with the vehicle after it was parked in a private drive. Tr. 25-26. When Hostetler approached, the driver was standing outside of the vehicle. Tr. 26-27. The driver began to approach the cruiser with his hands in his pockets. Tr. 27. Hostetler exited his vehicle and ordered the driver to show his hands. Tr. 28. Eventually, the driver complied. Tr. 28. Hostetler asked the driver his name and was told it was "Marcus Campbell". Tr. 28. Hostetler told the driver he was

under arrest, and the driver admitted that he was Nevels. Tr. 28. Nevels also admitted that he did not know the people in whose drive he had parked. Tr. 30. Nevels was then taken to the jail and a tow truck was called to remove the vehicle. Tr. 31. While waiting for the tow truck, Officer Isaac Chiles ("Chiles") conducted an inventory search of the vehicle using the department's impound document. Tr. 31, 52-54. During the search, he found a small bag of marijuana just behind the driver's seat on the floor. Tr. 54.

{¶3} The owners of the drive eventually arrived at the home and had to wait to get into their drive. Tr. 82. Nevel's car was then driven from the drive to the tow truck. Tr. 84. The police left and the owners of the property were able to pull into their driveway. Tr. 85-86. As they pulled into the driveway, they saw something lying in the drive where the vehicle had been parked. Tr. 86. The owners immediately called the police, who sent Chiles back to the residence. Tr. 56. Chiles arrived at the residence three minutes after he left and recovered a small bag of marijuana and a small bag of cocaine from the drive. Tr. 32, 55. Chiles noted that the baggies were similar in shape, size, and closure method to the one found previously in the vehicle driven by Nevels. Tr. 34, 57.

{¶4} On May 13, 2015, the Logan County Grand Jury indicted Nevels on one count of possession of drugs, in violation of R.C. 2925.11(A), a felony of the fifth degree and one count of identity fraud in violation of R.C. 2913.49, a felony of the fifth degree. Doc. 1. Nevels filed a motion to suppress the evidence

obtained as a result of his arrest on August 17, 2015. Doc. 26. An evidentiary hearing on the motion was held on September 10, 2015. Doc. 43. The trial court denied the motion to suppress in its journal entry of September 11, 2015. Doc. 44.

{¶5} On October 6, 2015, a bench trial was held on the indictment. Doc. 69. At the conclusion of the State's case-in-chief, Nevels made a motion for acquittal as to both counts. *Id.* The trial court denied the motion as to the possession of drugs charge, but granted the motion as to Count Two, identity fraud. *Id.* Nevels presented no evidence on his own behalf, but did renew his motion for acquittal, which was again denied as to Count One. *Id.* The trial court then found Nevels guilty of Count One. *Id.* A sentencing hearing was held on November 9, 2015. Doc. 81. The trial court ordered Nevels to serve a prison term of ten months and ordered that the sentence be served concurrently to the sentences imposed in Lucas County. *Id.* Nevels was given credit for 180 days time served. Nevels filed a timely notice of appeal. Doc. 94. On appeal, Nevels raises the following assignments of error.

### First Assignment of Error

**The trial court erred when it denied [Nevels'] motion to suppress the bag of marijuana found in the motor vehicle that [Nevels] was operating.**

### Second Assignment of Error

**The trial court erred when it denied [Nevels'] Rule 29 Motion as to the First Count of the indictment.**

**Third Assignment of Error**

**The trial court erred in its sentencing entry when it ordered [Nevels] to pay "Any fees permitted pursuant to Ohio Revised Code Sections 2929.18(A) and 2947.23" because it had not imposed those fees in open court at the sentencing hearing.**

*Motion to Suppress*

{¶6} In the first assignment of error, Nevels claims that the trial court erred in denying his motion to suppress. "An appellate review of the trial court's decision on a motion to suppress involves a mixed question of law and fact." *State v. Fittro*, 3d Dist. Marion No. 9-14-19, 2015-Ohio-1884, ¶ 11. The general rule in Ohio is that a motion to suppress must make clear the grounds upon which the motion is based so that the State may prepare its case and the trial court will know the grounds of the challenge to rule on the evidentiary issues at the hearing and properly dispose of them. *Xenia v. Wallace*, 37 Ohio St.3d 216, 524 N.E.2d 889 (1988). "Failure on the part of the defendant to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal." *Id.* at 218.

{¶7} In his motion to suppress, Nevels claimed that 1) there was no reasonable and articulable suspicion for the initial stop; 2) that there was no probable cause to arrest him; and 3) that he was questioned after arrest without being informed of his rights. Doc. 26. These are the arguments that were made at the suppression hearing. Suppression Hearing Tr. 7. However on appeal, Nevels attempts to claim that the motion to suppress should have been granted because

the evidence at the hearing does not indicate that the inventory search of the vehicle was done in accordance with the departmental policy. This issue was not presented to the trial court for review. Thus, it will not be reviewed on appeal.

**{¶8}** This then leaves for review the issues actually presented to the trial court. The first of these was that Hostetler lacked a reasonable suspicion of criminal activity to justify the stop. Presuming that this was even a stop since Hostetler never activated his lights and Nevels approached the officer, Hostetler had justification for a stop. A warrantless stop of an automobile is justified when an officer has information that arrest warrants are outstanding for a male who might be inside the identified automobile and resembles the description given of the suspect. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and *State v. Mathews*, 2d Dist. Montgomery No. 19120, 2002-Ohio-4970, ¶ 14. At the suppression hearing, Hostetler testified that when he started his shift on March 8, 2015, he was given information that Nevels was in the area, shown a picture of Nevels, given a description of the vehicle Nevels was believed to be driving, and given the license plate information for that vehicle. Suppression Hearing Tr. at 12. Hostetler was also informed that there was three outstanding felony warrants for the arrest of Nevels, that he frequently used the alias "Marcus Campbell", and that he was known to carry a handgun. *Id.* A couple of hours later, Hostetler observed a vehicle with the same license plate number and a driver who looked like the

picture of Nevels. *Id.* This information is sufficient to provide a reasonable and articulable suspicion for a stop.

{¶9} Next, Nevels argued before the trial court that Hostetler lacked probable cause to arrest him. When Nevels was stopped, he identified himself as Marcus Campbell, which was his known alias. He admitted his true name soon after. Hostetler knew there were three outstanding felony arrest warrants for Nevels prior to the stop as that was the primary reason that Hostetler intended to conduct the stop. The knowledge of these outstanding arrest warrants provided probable cause for the arrest. *State v. Harris*, 8th Dist. Cuyahoga No. 85270, 2005-Ohio-2192, ¶14. As there was probable cause for the stop and the arrest, the trial court did not err in denying the motion to suppress. The first assignment of error is overruled.

{¶10} Nevels argues in the second assignment of error that the trial court erred in denying his motion for acquittal. This court notes initially that a motion for acquittal has no application in a bench trial. *Napoleon v. Green*, 3d Dist. Henry No. 7-13-17, 2014-Ohio-3192, ¶8, 17 N.E.3d 49. In a bench trial, a defendant's plea of not guilty serves as a motion for judgment of acquittal and negates the need to ask the trial court to remove the case from the jury, which is the purpose of a motion for acquittal. *Id.* (quoting *State v. Miller*, 3d Dist. Seneca No. 13-12-52, 2013-Ohio-3194 ). Thus, the assignment of error shall be treated as a challenge to the sufficiency of the evidence.

{¶11} "When an appellate court reviews a record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*. at ¶ 21.

{¶12} Here, Nevels was charged and convicted of one count of possession of cocaine. To obtain a conviction, the State was required to prove that Nevels 1) knowingly 2) obtained, possessed or used 3) cocaine, 4) within the jurisdiction of the trial court. R.C. 2925.11(A). A bench trial was held and Officer Isaac Chiles ("Chiles") of the Bellefontaine Police Department testified that he performed an inventory search of the vehicle that Nevels was driving when he was arrested. Tr. 52. During the search Chiles found a plastic bag of marijuana on the floor of the vehicle, just behind the driver's seat. Tr. 54. The tow truck then arrived and they loaded the vehicle onto the bed of the truck. Tr. 55. Shortly after, Chiles was notified that the owners of the property where the car had been parked found two bags of drugs on the ground. Tr. 56. Chiles then returned to the scene and saw the bags in the driveway where Nevels had parked the vehicle earlier. Tr. 56. Chiles then identified State's Exhibit 10 as the bag of cocaine found in the driveway. Tr. 57. Chiles testified that the bag of cocaine was the same type of bag as that in which the marijuana had been found and that the bags were all knotted the same at the top. Tr. 57.

{¶13} Hostetler testified that Nevels had been driving the vehicle and that Nevels was the only person in the vehicle. Tr. 24, 31. Hostetler also testified that the stop occurred in Logan County. Tr. 35. Detective Scott Sebring of the Bellefontaine Police Department testified that he took State's Exhibit 10 to BCI&I for analysis. Tr. 68. Travis Worst ("Worst") from BCI&I testified that he analyzed the contents of State's Exhibit 10 and it was positive for cocaine. Tr. 106. The report indicated that the bag contained. 2.85 grams. Tr. 106. Worst also identified State's Exhibit 13 as his report identifying the substance as cocaine. Tr. 107-108. Viewing all of this evidence in a light most favorable to the State, there is sufficient evidence to show that Nevels knowingly possessed the cocaine in Logan County. The trial court did not err in denying the motion for acquittal and the second assignment of error is overruled.

{¶14} Finally, Nevels claims that the trial court erred by imposing fees in the sentencing entry when those same fees were not discussed at the sentencing hearing. This court has previously addressed a similar argument in *State v. Jackson*, 3d Dist. Hancock No. 5-12-27, 2013-Ohio-1390, 990 N.E.2d 184. In *Jackson*, the trial court at the sentencing hearing ordered that the defendant "pay the cost of these proceedings." *Id.* at ¶15. In the sentencing entry, the trial court ordered the defendant "to pay all costs of prosecution, and any fees permitted pursuant to Revised Code, Section 2929.18(A)(4)." *Id.* This court determined that

"the fees are part of the cost of prosecution unless the trial court waives the fees due to the defendant's indigence." *Id.* at ¶19.

{**¶15**} Like the trial court in *Jackson*, the trial court in this case merely stated that Nevels was "ordered to pay the costs." Sent. Tr. 8. In the sentencing entry, the trial court stated that Nevels was ordered "to pay the costs of prosecution and any fees permitted pursuant to Ohio Revised Code Sections 2929.18(A) and 2947.23." Doc. 81. Unlike in *State v. Singh*, 3d Dist. Logan No. 8-15-04, 2015-Ohio-4130, where the trial court failed to mention court costs or fees at all, the trial court in this case did impose "costs" at the sentencing hearing. This court has held that fees are part of the costs of prosecution. *Jackson, supra.* Thus, the imposition of fees was included in the order imposed at the sentencing hearing. The third assignment of error is overruled.

{**¶16**} Having found no error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Logan County is affirmed.

***Judgment Affirmed***

**PRESTON and ROGERS, J.J., concur.**

**/hls**