[Cite as *State v. Lantz*, 2019-Ohio-3307.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio                                           Court of Appeals No. F-18-011

      Appellee                                     Trial Court No. 18CR87

v.

David A. Lantz                                     **DECISION AND JUDGMENT**

      Appellant                                    Decided:  August 16, 2019

* * * * *

Scott A. Haselman, Fulton County Prosecuting Attorney,
for appellee.

Sarah R. Anjum, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Defendant-appellant, David A. Lantz, appeals the October 16, 2018

judgment of the Fulton County Court of Common Pleas, solely with respect to the court's

imposition of certain costs.  For the reasons that follow, we affirm.

## I. Background

{¶ 2} David Lantz entered a plea of guilty and was convicted of five counts of pandering sexually oriented material involving a minor, along with specifications for two previous convictions, and one count of pandering obscenity involving a minor. At his October 12, 2018 sentencing hearing, the trial court imposed a total prison term of 12 years, 5 years' postrelease control, and "the costs of this action," and it classified Lantz a Tier II sex offender. Lantz's sentence was memorialized in a judgment entry journalized on October 16, 2018. With respect to costs, the sentencing entry indicated that Lantz was to pay "all prosecution costs, and any fees permitted pursuant to O.R.C. § 2929.18(A)(4)."

{¶ 3} Lantz appealed, and assigns the following error for our review:

> 1. The trial court erred when it ordered the imposition of new costs and fees in its Sentencing Judgment Entry outside of Appellant's presence and never determined Appellant's present and future ability to pay such costs and fees as required by R.C. 2929.19(B)(5).
>
> A. The trial court erred when it failed to notify Appellant on the record and in open court that it imposed costs of prosecution, and costs pursuant to 2929.18(A)(4)[.]
>
> B. The trial court erred when it imposed the costs of the action because the trial court never made a finding on the record that Appellant has the present or future ability to pay these fees and costs.

## II. Law and Analysis

{¶ 4} At Lantz's sentencing hearing, the trial court ordered him "to pay the costs of this action." In its sentencing entry, however, the trial court ordered Lantz "to pay all prosecution costs, and any fees permitted pursuant to O.R.C. § 2929.18(A)(4)." Lantz argues that because the trial court failed to specify at the hearing which costs it was imposing—"court costs, appointed counsel fees, costs of prosecution, etc."—the imposition of costs was ambiguous. He also claims that the court failed to specify which fees or costs it deemed permitted under R.C. 2929.18(A)(4). He insists that any costs and fees referenced in the sentencing entry were, therefore, imposed outside his presence in violation of Crim.R. 43(A). He also argues that the trial court failed to find that he has the present or future ability to pay costs. He asks that we "vacate the trial court's imposition of court appointed counsel fees, supervision costs, confinement costs, [and] costs and fees pursuant to R.C. 2929.18 * * *."

{¶ 5} The state argues that "prosecution costs" are synonymous with and encompass "all court costs and those costs and fees authorized by the terms of R.C. 2929.18(A)(4)." It maintains that the imposition of these costs is mandatory and not conditioned upon a finding that the defendant is, or will be, able to pay. It contends that the information contained in Lantz's PSI—which the court read and considered—provided it with information evidencing Lantz's ability to pay. And it responds that "there is simply nothing in the trial court's statement at the sentencing hearing * * * or in

3.

the Judgment Entry of Sentence, that could be read to mean that Appellant was required to pay appointed counsel fees, supervision costs and/or confinement costs."

### A. Although not imposed by the trial court, court-appointed counsel fees appear to have been assessed.

{¶ 6} We begin by noting our agreement with the state that the court's sentencing entry does not purport to impose court-appointed counsel fees, supervisions costs, or confinement costs. Nonetheless, our review of the certified case docket indicates that appointed-counsel fees of $894 appear to have been assessed as costs to Lantz. Specifically, the record contains a "costs due notice" dated October 22, 2018, advising Lantz to pay costs and fees of $1,447.47; it contains a judgment entry filed October 16, 2018 approving appointed counsel fees totaling $894. The costs billed from May 22, 2018, when the indictment was filed, through the date of the "costs due notice" total $1,447.47 *if* the $894 in appointed counsel fees are included; otherwise they total $553.47. So while we agree with the state that the court did not impose the cost of court-appointed counsel fees, we observe that such costs appear to have been assessed in the October 22, 2018 costs-due notice.

### B. "Costs of this action" means mandatory costs, which would include prosecution costs and fees permitted under R.C. 2929.18(A)(4).

{¶ 7} Turning to the propriety of the costs explicitly imposed in the sentencing entry—prosecution costs and fees permitted under R.C. 2929.18(A)(4)—our standard of review on this issue is whether the imposition of costs and financial sanctions was contrary to law. R.C. 2953.08(A)(4) and (G)(2)(b); *State v. Farless*, 6th Dist. Lucas Nos.

4.

L-15-1060 and L-15-1061, 2016-Ohio-1571, ¶ 4, citing *State v. Collins*, 12th Dist. Warren No. CA2014-11-135, 2015-Ohio-3710, 41 N.E.3d 899, ¶ 30.

{¶ 8} "Under both the federal and Ohio Constitutions and Crim.R. 43(A), the defendant has the right to be present at the time of sentencing." *State v. Jones*, 6th Dist. Sandusky No. S-18-036, 2019-Ohio-2646, ¶ 6. Related to this, "'[a] defendant is entitled to know his sentence at the sentencing hearing.'" *State v. Bryan*, 5th Dist. Muskingum No. CT2018-0058, 2019-Ohio-2980, quoting *State v. Santiago*, 8th Dist. Cuyahoga No. 101640, 2015-Ohio-1824, ¶ 19. "Thus, sentencing terms in a judgment entry must match those announced in open court in the defendant's presence." *Id.*

{¶ 9} A violation of Crim.R. 43(A) is subject to a harmless-error analysis, however. *Jones* at ¶ 6. Therefore, a defendant must establish prejudice resulting from the imposition of a sentence in the judgment entry but not at the sentencing hearing. *Id.* Prejudice has been shown where "costs were added to a sentencing judgment because the defendant did not have the opportunity to move to waive costs" or where "a discrepancy between the sentencing judgment and the sentence pronounced at the sentencing hearing * * * results in an unclear sentence." (Citations omitted.) *Id.* at ¶ 7. If prejudice is established, the remedy is to remand for resentencing. *State v. Williams*, 2013-Ohio-726, 987 N.E.2d 322, ¶ 49 (6th Dist.).

{¶ 10} Accordingly, Lantz must show both that his sentence was unclear because of a discrepancy between what was stated at the sentencing hearing and what was contained in the judgment entry, and that he was prejudiced as a result.

5.

**{¶ 11}** Here, at the sentencing hearing, the trial court ordered payment of "the costs of this action." This begs the question: what are "the costs of this action"? We interpret the phrase "costs of this action" to mean any costs that the Revised Code requires a court to impose upon an offender who has been convicted. With this in mind, we review the trial court's more specific sentencing entry, which imposed prosecution costs and fees permitted under R.C. 2929.18(A)(4).

*1. Prosecution costs.*

**{¶ 12}** With respect to prosecution costs, R.C. 2947.23(A)(1)(a) requires that "[i]n all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs. * * *." These costs must be imposed regardless of the offender's ability to pay unless he secures a waiver of payment of those costs due to indigency. *State v. Braden*, Slip Opinion No. 2018-Ohio-5079, ¶ 13. It can fairly be said, therefore, that prosecution costs are mandatory costs that the Revised Code required the trial court to impose upon Lantz. *See, e.g., State v. Nevels*, 3d Dist. Logan No. 8-15-12, 2016-Ohio-3497, ¶ 14-15 (interpreting order "to pay the costs" to include costs of prosecution).

**{¶ 13}** Given that the imposition of prosecution costs is mandatory, Lantz was properly put on notice at sentencing of his obligation to pay these costs when the court told him that it was imposing the "costs of this action." Moreover, even if the trial court had neglected to make *any* mention of costs at the sentencing hearing and then imposed

prosecution costs in the sentencing entry, this would have been harmless error. This is because under R.C. 2947.23(C), "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." In other words, a waiver of payment of costs may be sought even after sentencing. R.C. 2947.23(C); *see also State v. Reed*, 8th Dist. Cuyahoga No. 106796, 2018-Ohio-3187, ¶ 7, citing *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028. It renders harmless any claimed failure by a trial court to mention costs of prosecution at sentencing because the defendant has not lost the opportunity to seek waiver of payment.

{¶ 14} Here, we conclude that the "costs of this action" included mandatory prosecution costs. And even if this was unclear to Lantz, R.C. 2947.23(C) still affords him the opportunity to move the court to waive payment of such costs as appropriate.

*2. Fees under R.C. 2929.18(A)(4).*

{¶ 15} As to fees imposed under R.C. 2929.18(A)(4), it is somewhat unclear whether Lantz is arguing that the sentencing entry was deficient because it does not specify "which fees or costs [the court] deemed permitted and therefore included," or whether he is arguing that the fees and costs were not properly imposed at all because R.C. 2929.18(A)(4) was not specifically referenced at the sentencing hearing.

{¶ 16} As to the court's purported failure to specify which fees or costs it deemed permitted, R.C. 2929.18(A)(4) and various corresponding statutes make clear what fees are permitted: "[a] state fine or costs as defined in section 2949.111 of the Revised

7.

Code." R.C. 2949.111(A)(2) defines a "state fine or costs" to include (1) costs imposed or forfeited bail collected by the court under section 2743.70 of the Revised Code for deposit into the *reparations fund*; (2) costs imposed or forfeited bail collected by the court under section 2949.091 of the Revised Code for deposit into the *indigent defense support fund*; and (3) fines, penalties, and forfeited bail collected by the court and paid to a *law library association* under section 307.515 of the Revised Code.

{¶ 17} R.C. 2743.70 requires the court to impose costs of $30 to be deposited into the reparations fund, and R.C. 2949.091 requires the court to impose costs of $30 to be deposited into the indigent defense support fund.[1] Accordingly, to the extent that the statutes themselves specify which fees or costs are permitted, the trial court's failure to do so did not constitute error.

{¶ 18} As to the absence of any specific reference to R.C. 2929.18(A)(4) at the sentencing hearing, we conclude that like prosecution costs, "fees permitted pursuant to R.C. § 2929.18(A)(4)" are mandatory costs encompassed in the "costs of this action." Specifically, R.C. 2743.70 and 2949.091 *require* the court to impose such costs. R.C. 2949.091(A)(1)(a) provides that "[t]he court in which any person is convicted of or pleads guilty to any offense *shall impose* one of the following sums as costs in the case in addition to any other court costs that the court is required by law to impose upon the

---

[1] R.C. 307.515—describing the third type of "state fine or costs"—does not require the court to impose upon an offender any additional costs earmarked for the county law library resources fund.

8.

offender:  (i) Thirty dollars if the offense is a felony * * *."  (Emphasis added.)  Under R.C. 2949.091(A)(1)(b), "[t]he court *shall not waive* the payment of the additional thirty-* * * *-dollar court costs, unless the court determines that the offender is indigent and waives the payment of all court costs imposed upon the indigent offender."  (Emphasis added.)

{¶ 19} Similarly, R.C. 2743.70(A)(1) provides that "[t]he court, in which any person is convicted of or pleads guilty to any offense * * * *shall impose* the following sum as costs in the case in addition to any other court costs that the court is required by law to impose upon the offender:  (a) Thirty dollars, if the offense is a felony * **."  (Emphasis added.)  Like R.C. 2949.091(A)(1)(b), it also provides that "[t]he court *shall not waive* the payment of the thirty * * * dollars court costs, unless the court determines that the offender is indigent and waives the payment of all court costs imposed upon the indigent offender."  (Emphasis added.)  R.C. 2743.70(A)(1).

{¶ 20} And R.C. 2949.092 reiterates that these costs must be imposed.  It states:

> If a person is convicted of or pleads guilty to an offense and *the court specifically is required, pursuant to section 2743.70 [and] 2949.091* * * * of the Revised Code * * * to impose a specified sum of money as costs in the case in addition to any other costs that the court is required or permitted by law to impose in the case, the court *shall not waive* the payment of the specified additional court costs that the section of the Revised Code specifically requires the court to impose unless the court

9.

determines that the offender is indigent and the court waives the payment of all court costs imposed upon the offender. (Emphasis added.)

{¶ 21} These statutes demonstrate that the fees "permitted by" R.C. 2929.18(A)(4) are actually mandatory costs of the action that the trial court is required to impose. *See, e.g., State v. Hall,* 12th Dist. Warren No. CA2011-05-043, 2011-Ohio-5748, ¶ 16 (finding that "fees as permitted under R.C. 2929.18(A)(4)" are "mandatory court costs"). Lantz, therefore, was properly informed of his obligation to pay these costs when the court at sentencing imposed "the costs of this action." *Accord State v. Jackson,* 2013-Ohio-1390, 990 N.E.2d 184, ¶ 19 (3d Dist.) (finding that fees under R.C. 2929.18(A)(4) are part of the "costs of the proceeding").

{¶ 22} Lantz also argues that under R.C. 2929.15(B)(5), the trial court was required to consider his ability to pay before it imposed fees under R.C. 2929.18(A)(4). He claims that the trial court failed to consider his ability to pay.

{¶ 23} Under R.C. 2929.19(B)(5), "before imposing a financial sanction under section 2929.18 of the Revised Code * * *, the court shall consider the offender's present and future ability to pay the amount of the sanction * * *." If R.C. 2929.15(B)(5) and 2929.18(A)(4) are considered in isolation and R.C. 2743.70, 2949.091, and 2949.092 are ignored, one could potentially conclude that a trial court must consider an offender's ability to pay before imposing a "state fine or costs" under R.C. 2929.18(A)(4). But "[c]ourts should construe statutory provisions together and read the Revised Code 'as an interrelated body of law.'" *State v. Sager*, 1st Dist. Hamilton No. C-180051, 2019-Ohio-

135, ¶ 27, quoting *State v. Moaning*, 76 Ohio St.3d 126, 128, 666 N.E.2d 1115 (1996). "Statutes that relate to the same subject matter or refer to one another may be construed in pari materia, that is, they may be construed together so that inconsistencies in one statute may be resolved by looking at another statute on a similar topic." *Id.*

{¶ 24} When read in pari materia, these Revised Code provisions make clear that the costs constituting a "state fine or costs" are mandatory costs that must be imposed regardless of the offender's ability to pay. The imposition of these costs is permissive only to the extent that the court may waive payment on the basis of indigency. Here, Lantz made no attempt to seek waiver of payment based on indigency despite being informed at sentencing that the trial court was imposing the "costs of this action."

{¶ 25} Accordingly, to the extent that Lantz assigns error in the trial court's imposition of prosecution costs and fees permitted under R.C. 2929.18(A)(4), we find his assignment of error not well-taken.

### III. Conclusion

{¶ 26} We find Lantz's assignment of error not well-taken. We affirm the October 16, 2018 judgment of the Fulton County Court of Common Pleas to the extent that it ordered payment of prosecution costs and fees permitted under R.C. 2929.18(A)(4). Lantz and the state are ordered to share in the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                                              _____

                                                            JUDGE

Christine E. Mayle, P.J.

Gene A. Zmuda, J.                                            _____
CONCUR.

                                                            JUDGE

                                              _____

                                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.