[Cite as *State v. Bricker*, 2022-Ohio-3494.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio                                             Court of Appeals No.  F-21-013

    Appellee                                         Trial Court No.  21CR013

v.

Richard A. Bricker                               **DECISION AND JUDGMENT**

    Appellant                                        Decided:  September 30, 2022

* * * * *

Scott A. Haselman, Fulton County Prosecuting Attorney, for appellee.

Adam H. Houser, for appellant.

* * * * *

**DUHART, J.**

**{¶ 1}** This is an appeal by appellant, Richard Bricker, from the November 24, 2021 judgment of the Fulton County Court of Common Pleas.  For the reasons that follow, we affirm, in part, and reverse, in part.

**{¶ 2}** Appellant sets forth three assignments of error:

1.  Trial Court Failed to Follow Criminal Rule 11 When it Failed to Properly Inform Defendant of His Post Release Control Sanctions at Plea[.]

2. The Trial Court Failed to Make the Proper Findings Under Ohio Law When It Sentence[d] Appellant to [a] Consecutive Sentence to his Sentence in 21CR0025[.]

3. The Trial Court Made Reversable [sic] Error When It Ordered Appellant Who Is Indigent to Pay Court Costs.

### Facts

**{¶ 3}** On August 16, 2021, appellant was charged with ten counts of violation of a protection order in Fulton County Court of Common Pleas, case No. 21CR103.  On October 19, 2021, appellant pled guilty to three counts of violating a protection order, in violation of R.C. 2919.27(A)(1), felonies of the fifth degree, and each count carried a specification that appellant had been convicted of or pled guilty to one or more violations of R.C. 2919.27 in Defiance County, Henry County or Fulton County.  In exchange, the state agreed to dismiss the remaining seven counts and make no recommendation at sentencing.  The judgment entry was filed on October 20, 2021.

**{¶ 4}** On November 23, 2021, the sentencing hearing was held.  The court imposed prison terms of 11 months on each count, to be served concurrently, but consecutively to the sentence appellant was serving in Fulton County Court of Common

2.

Pleas, case No. 21CR25. Appellant was also advised that he was subject to a post release control period of three years, and was responsible for costs, except the costs of his court-appointed attorney. The judgment entry of sentence was filed on November 24, 2021. Appellant appealed. We will address appellant's assignments of error out of order.

## Second Assignment of Error

{¶ 5} Appellant contends the trial court did not make the proper findings for consecutive sentences, as "all the court stated * * * was [appellant] created great psychological harm to the alleged victim." Appellant submits that this portion of the sentence should be overturned.

{¶ 6} The state maintains the trial court's sentencing colloquy met all of the statutory requirements, and consecutive sentences were properly imposed.

## Law

{¶ 7} The standard of appellate review for felony sentences is set forth in R.C. 2953.08, which provides, inter alia, that appellate review is limited to whether there is clear and convincing evidence to support the court's findings and whether the sentence is contrary to law. R.C. 2953.08(G)(2). *See also State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425.

{¶ 8} Generally, multiple terms of incarceration are to be served concurrently unless the trial court, in its discretion, orders the sentences to be served consecutively. R.C. 2929.41(A) and (B)(2); R.C. 2929.14(C)(4). Before imposing consecutive

3.

sentences, R.C. 2929.14(C)(4) mandates the trial court find consecutive sentences are "necessary to protect the public from future crime or to punish the offender," "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and that one of the following circumstances is present:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.  R.C. 2929.14(C)(4).

**{¶ 9}** The trial court must engage in the correct analysis, state its statutory findings during the sentencing hearing, and incorporate those findings into its sentencing entry. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 253, citing

*State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. A word-for-word recitation of the statutory language is not necessary, as long as the record supports the trial court's findings. *Beasley* at ¶ 259. If the trial court fails to make the required findings at a sentencing hearing for consecutive sentences under R.C. 2929.14(C)(4), the proper remedy is to remand the matter for a new sentencing hearing. *State v. Resendez*, 6th Dist. Lucas No. L-20-1020, 2020-Ohio-6653, ¶ 11.

**Analysis**

{¶ 10} The record shows at appellant's sentencing hearing, the trial court, when imposing consecutive sentences, stated, "[d]efendant has a history of domestic violence, violating protection orders-the fact that he now seems to have seen Jesus is to a certain exten[t] to the Court's opinion[,] convenient. I don't know how many times you don't get what the word no means." In the judgment entry of sentence, regarding consecutive sentences, the trial court set forth:

> The Court further finds that consecutive sentences are necessary to protect
>
> the public from future crime or to punish Defendant and that consecutive
>
> sentences are not disproportionate to the seriousness of Defendant's
>
> conduct and to the danger Defendant poses to the public. The Court further
>
> finds that the harm caused by Defendant was so great or unusual that no
>
> single prison term for any of the offenses committed as part of any of the
>
> courses of conduct adequately reflects the seriousness of Defendant's

conduct, and Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by Defendant.

{¶ 11} Upon review, we find the trial court made the correct findings in the judgment entry of sentence, however the court failed to satisfy all of the R.C. 2929.14(C)(4) requirements when it imposed consecutive sentences at the sentencing hearing. At the hearing, the trial court referenced appellant's history of domestic violence offenses and violating protection orders, but the court did not indicate that consecutive sentences were necessary to protect the public from future crime by appellant or to punish him, nor did the court express that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public. In addition, the trial court did not specify, at the hearing, that the harm appellant caused was so great or unusual that no single prison term for any of the offenses he committed as part of any of his courses of conduct adequately reflected the seriousness of his conduct. Since the trial court failed to make the required consecutive sentencing findings during the sentencing hearing, we conclude appellant's sentence is contrary to law. *See* R.C. 2953.08(G)(2). As such, this matter must be remanded for a new sentencing hearing. Accordingly, appellant's second assignment of error is well-taken.

## First Assignment of Error

{¶ 12} Appellant argues the trial court erred when it informed him, at both the plea hearing and sentencing hearing, that he was subject to a post release control period of three years. Appellant asserts his plea was not knowingly and voluntarily made as he was not properly informed that discretionary post release control could only last two years. Appellant submits his trial counsel informed the trial court there was a change in the law and that the judge was incorrect, but the judge did not correct himself. In support, appellant cites to R.C. 2967.28(C), which became effective September 30, 2021, and Crim.R. 11(C)(2)(a).

{¶ 13} The state counters if appellant was willing to plead guilty while believing the post release control period was three years, he could not have sustained any prejudice if the post release period is actually two years. The state contends the matter should be remanded for resentencing on the post release control issue. In support, the state cites to several cases including *State v. Rarden*, 12th Dist. Butler No. CA2018-03-044, 2018-Ohio-4487, ¶ 13-14.

### Law

{¶ 14} R.C. 2967.28 (C) provides in pertinent part:

Any sentence to a prison term for a felony of the * * * fifth degree * * * shall include a requirement that the offender be subject to a period of post-release control of up to two years after the offender's release from

imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender.

{¶ 15} In *Woods v. Telb*, 89 Ohio St.3d 504, 513, 733 N.E.2d 1103 (2000), the Ohio Supreme Court held "pursuant to R.C. 2967.28(B) and (C), a trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence." If a court incorrectly informs an offender about post release control, the imposition of post release control must be vacated and the matter remanded for resentencing. *See State v. Wright*, 2021-Ohio-3818, 180 N.E.3d 32, ¶ 26 (8th Dist.).

{¶ 16} Crim.R. 11(C)(2) states in relevant part:

In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally * * * and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 17} If a trial court fails to literally comply with Crim.R. 11, the appellate court must engage in a multitiered analysis in order to determine whether the trial court failed

8.

to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to decide the significance of the failure and the appropriate remedy. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 30. If a trial court "fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid 'under a presumption that it was entered involuntarily and unknowingly.'" (Citation omitted.) *Clark* at ¶ 31. If a trial court "imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty * * * a substantial-compliance rule applies. *Id.* "Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." (Citation omitted.) *Id.* When it is claimed that the trial court failed to comply with a nonconstitutional advisement, we require that the appellant show a "prejudicial effect," then we consider "whether the plea would otherwise have been made." *Id.* at ¶ 32.

{¶ 18} In *Rarden*, 12th Dist. Butler No. CA2018-03-044, 2018-Ohio-4487, the appellate court observed that the trial court orally advised Rarden of the imposition of three years of postrelease control. *Id.* at ¶ 11. Rarden argued the trial court's notification implied that postrelease control was mandatory, when it was optional. *Id.* at ¶ 12. The appellate court ruled the judgment entry provided the appropriate notice of postrelease control, thus Rarden's sentence was not void. *Id.* at ¶ 13. The appellate court further

held "Rarden is unable to show any prejudice because of any purported overstatement of postrelease control. As a result, any error would be harmless." *Id.* at ¶ 14.

**Analysis**

{¶ 19} At appellant's plea hearing, the trial court advised him that he "might be required to serve a period of post release control * * * this is still a discretionary three year term." At the sentencing hearing, the trial court advised appellant that he "shall be subject to further optional period of supervision under post release control, I believe of three years[,] * * * because that's the maximum." The judgment entry of sentence reflects that "[t]he Court further advised Defendant that he was subject to a discretionary post release control period of three years."

{¶ 20} Upon review, we find the trial court incorrectly informed appellant that the period of post release control was three years rather than two years. Since the trial court improperly explained to appellant the nonconstitutional right of the maximum possible penalty, we apply the substantial-compliance rule where appellant must show a prejudicial effect in order for his plea to be vacated. The record reveals appellant has not argued or demonstrated any prejudice because of the overstated period of post release control. We therefore find appellant has not shown he was prejudiced by the overstated term of post release control, and is not entitled to have his plea vacated. However, we vacate the trial court's imposition of post release control and remand the case for

resentencing on the issue of post release control. Accordingly, appellant's first assignment of error is not well-taken.

## Third Assignment of Error

{¶ 21} Appellant argues the trial court committed reversible error when it ordered him to pay court costs. Appellant notes the court waived the fees of his court-appointed attorney, but still imposed court costs. Appellant maintains he is on social security, which means he is incapable of working. Appellant observes the court recognized he cannot work but still imposed costs. Appellant cites to *State v. Holt*, 6th Dist. Lucas No. L-19-1101, 2020-Ohio-6650.

{¶ 22} The state counters the imposition of court costs is mandatory under Ohio law without consideration of whether the defendant has the ability to pay. The state cites to several cases in support of its position, including *State v. Lantz*, 6th Dist. Fulton No. F-18-011, 2019-Ohio-3307.

{¶ 23} At appellant's sentencing hearing, the trial court stated "[d]efendant will be responsible for costs-defendant is on social security, therefore not going to make him pay the costs of his court[-]appointed counsel as part of the court costs in this case." No objection was made regarding the trial court's imposition of costs.

{¶ 24} In the judgment entry of sentence, the trial court set forth "[d]efendant is ordered to pay all court costs."

11.

## Law

**{¶ 25}** Court costs, costs, or costs of this action means "any costs that the Revised Code requires a court to impose upon an offender who has been convicted." *Lantz* at ¶ 11. The costs of prosecution are mandatory, pursuant to R.C. 2947.23(A)(1), and trial courts are obligated to impose the costs of prosecution irrespective of a defendant's ability to pay. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. *See also State v. Rohda*, 6th Dist. Fulton No. F-06-007, 2006-Ohio-6291, ¶ 13. Other costs, such as the costs of confinement, are not mandatory but may be imposed after the trial court finds the defendant has the ability to pay. *See* R.C. 2929.18(A)(5)(a)(ii); *State v. Lincoln*, 6th Dist. Lucas No. L-15-1080, 2016-Ohio-1274, ¶ 14.

**{¶ 26}** When a defendant fails to lodge an objection to an issue before the trial court, "[a]n appellate court need not consider an error that was not called to the attention of the trial court at a time when such error could have been avoided or corrected by the trial court." *State v. Carter*, 89 Ohio St.3d 593, 598, 734 N.E.2d 345 (2000). Thus, the error is waived absent plain error. *Id. See also* Crim.R. 52(B) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." *State v. Wogenstahl*, 75 Ohio St.3d 344, 357, 662 N.E.2d 311 (1996).

## Analysis

{¶ 27} Upon review, since appellant did not object to the trial court's imposition of costs, we are limited to a plain error review.  When the trial court ordered appellant to pay costs, it did not specify which costs it was imposing, although it did exclude the costs of court-appointed counsel.  Thus, we find the court imposed the costs of prosecution. *See Lantz.*  As the costs of prosecution are mandatory and there is no requirement for the trial court to consider appellant's ability to pay, it was not plain error for the trial court to order appellant to pay the costs of prosecution.  Accordingly, appellant's third assignment of error is not well-taken.

{¶ 28} The November 24, 2021 judgment of the Fulton County Court of Common Pleas is affirmed, in part, and reversed, in part, and this case is remanded for resentencing at a new sentencing hearing.  Pursuant to App.R. 24, the parties are ordered to split the costs of this appeal.

Affirmed, in part,
reversed, in part,
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                              JUDGE

Thomas J. Osowik, J.

Myron C. Duhart, P.J.          _____
CONCUR.                                        JUDGE


                                 _____
                                              JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.