[Cite as *State v. Carter*, 2025-Ohio-5556.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio

    Appellee

v.

Montize Carter

    Appellant

Court of Appeals No.  WM-24-021

Trial Court No.  24 CR 003

**DECISION AND JUDGMENT**

Decided: December 12, 2025

\* \* \* \* \*

Emil G. Gravelle, III., Williams County Assistant Prosecuting Attorney, for appellee.

Christopher Bazeley, for appellant.

\* \* \* \* \*

**ZMUDA, J.**

{¶ 1} Appellant, Montize Thomas Malik Carter, appeals from a judgment entered by the Williams County Court of Common Pleas following his no contest plea to the offenses of possession of drugs and attempted illegal conveyance of a drug of abuse onto the grounds of a detention facility. For the reasons that follow, the trial court's judgment is affirmed.

**Statement of the Case and of the Facts**

{¶ 2} On January 22, 2024, Carter was indicted on one count of possession of drugs, in violation of R.C. 2925.11(A)(C)(2)(a), a misdemeanor of the first degree (Count one), and one count of illegal conveyance of drugs into a correctional facility, in violation

of R.C. 2921.36(A)(2)(G)(2), a felony of the third degree (Count two). The charges arose from allegations that Carter concealed drugs in a "walking cast" when he was brought into jail on an unrelated matter.

{¶ 3} At a plea hearing, held on September 30, 2024, Carter withdrew his not guilty pleas and entered pleas of no contest to the possession of drugs charge and to an amended charge of attempted illegal conveyance of a drug of abuse onto the grounds of a detention facility. During the hearing, the trial court explained to Carter the maximum potential penalties that it could impose on him. Regarding the maximum potential penalty for the offense of possession of drugs, the trial court stated:

> THE COURT: …. Mr. Carter, in count one…you have entered a no contest plea with consent to a finding of guilt, and I have heard a factual basis to support that plea. You are charged with possession of drugs, which is a misdemeanor of the first degree. If I make a finding of guilt on your no contest plea, the maximum potential penalty this Court could impose on count one is up to six months of incarceration. The Court would impose a maximum fine of one thousand dollars, and you could lose your right to drive in the State of Ohio. Do you understand what you've been charged with in count one, and do you understand the maximum potential penalty?

Carter verbalized that he understood.

{¶ 4} Sentencing took place at a hearing held on November 14, 2024. At the hearing, the trial court and Carter discussed the fact that Carter was not currently in possession of a driver's license:

> THE COURT: How long have you not had a license?
>
> CARTER: I've never had one. They've never given it to me. I've paid two thousand dollars of my license plate, of

2.

the 2016 Nissan Centra, and they still wouldn't let me even apply for my license.

**{¶ 5}** The trial court inquired further on the matter, and at the end of his answer, Carter stated, "Now I'm facing all of these charges, the possibility of not being able to drive for five years, and everything else as a possibility, is just, it sucks."

**{¶ 6}** Ultimately, the trial court imposed a sentence of 15 days in jail on the charge of possession of drugs, and a sentence of three years of community control -- along with a jail sentence of 180 days, with 90 days suspended -- on the charge of attempted illegal conveyance. The trial court ordered the sentences for the two offenses to run concurrently. In addition, the trial court stated that there would be no driver's license suspension on either charge.

### Assignment of Error

**{¶ 7}** On appeal, Carter asserts the following assignment of error:

    I.      Carter's guilty plea was not knowingly, intelligently or voluntarily given because the trial court failed to accurately advise him of the possible penalties he faced upon conviction.

### Law and Analysis

**{¶ 8}** In his sole assignment of error, Carter argues that his plea was not knowingly, voluntarily, or intelligently given because the trial court incorrectly advised him that he could permanently forfeit his right to drive if he pleaded guilty to possession of drugs.

3.

{¶ 9} Crim.R. 11(C)(2)(a) provides that a trial court shall not accept a plea of no contest without determining that the defendant is "making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved…."

{¶ 10} Former R.C. 2925.11 relevantly provides that a defendant who pleads guilty to or was convicted of a drug possession offense "may" lose their license for up to five years. R.C. 2925.11(A), (E). Thus, the trial court's advisement that Carter risked permanently losing his right to drive was an overstatement of the maximum penalty involved.

{¶ 11} The standard for determining whether a plea was entered knowingly, voluntarily, and intelligently is set forth in the Ohio Supreme Court case of *State v. Dangler*, 2020-Ohio-2765. Under *Dangler*, the general rule is that a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C). *Id.* at ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶ 12} One exception to the general rule's requirement of a showing of prejudice is where a trial court fails to explain a defendant's constitutional rights. *Id.* at ¶ 14. Thus, "[w]hen a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Dangler* at ¶ 14, citing *State v. Clark*, 2008-Ohio-3748, ¶ 31. The exception does not apply in the instant case, however, because "[t]he right to be informed of the maximum penalty involved is a

4.

nonconstitutional right," rather than a constitutional right. *State v. Bursley*, 2021-Ohio-1613, ¶ 16 (6th Dist.), citing *Dangler* at ¶ 23. (Additional citation omitted.)

{¶ 13} The second exception to the general rule's requirement of a showing of prejudice is where a trial court *completely* fails to comply with a portion of Crim.R. 11(C). *Dangler* at ¶ 15. This exception is likewise inapplicable to the instant case, as it has been determined that "'a trial court's mention of a component of the maximum penalty during a plea colloquy, albeit incomplete or perhaps inaccurate, does not constitute a complete failure to comply with Crim.R. 11(C)(2)(a).'" *State v. Tutt*, 2021-Ohio-96, ¶ 16 (12th Dist.), quoting *State v. Fabian*, 2020-Ohio-4102, ¶ 19 (12th Dist.). Thus, "the overstatement of the maximum penalty does not constitute grounds for vacating a plea in the absence of demonstrable prejudice." *State v. Garcia*, 2021-Ohio-4480, ¶ 25 (11th Dist.)); *see also State v. Bricker*, 2022-Ohio-3494, ¶20 (6th Dist.) (holding that where the trial court overstated the term of post-release control that could be imposed at the plea hearing, the defendant was not entitled to vacate his plea for that error because the defendant did not argue or demonstrate prejudice).

{¶ 14} "The test for prejudice is 'whether the plea would have otherwise been made.'" *Dangler* at ¶ 16, citing *Nero* at ¶ 108. As recognized by the Eighth District Court of Appeals in *State v. Calvin*, 2015-Ohio-2759 (8th Dist.), "[i]t is hard to demonstrate prejudice when an overstatement of the maximum penalty was given." *Id.* at ¶ 24.

{¶ 15} On appeal, Carter fails to allege, and the record fails to show, that he would not have entered his guilty plea if the trial court had stated the proper length of the

5.

potential license suspension. To the contrary, Carter's own statement at his sentencing hearing that he faced "the possibility of not being able to drive for five years," rather than a permanent license suspension, indicates that his pleas of no contest were made knowingly, voluntarily, and intelligently. Further evidencing a lack of prejudice in this case is the fact that the trial court did not order a driver's license suspension of any duration. Nor did it issue any kind of order that would otherwise impair Carter's right to hold a driver's license, were Carter ever to seek one. Because Carter has failed to establish that he was prejudiced by the trial court's error in overstating a maximum penalty, his assignment of error is found not well-taken.

## Conclusion

{¶ 16} The judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| Thomas J. Osowik, J. | |
| --- | --- |
| | JUDGE |
| Gene A. Zmuda, J. | |
| | JUDGE |
| Myron C. Duhart, J. | |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

6.

7.